Chudnoff *v.* Ipco Hospital Supply Corporation et al., Appellants.

Argued November 13, 1972. Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused February 15, 1973.

*F. Hastings Griffin, Jr.,* with him *A. C. F. Finkbiner, III,* and *Dechert, Price & Rhoads,* for appellants.

*Joseph Matusow,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 19, 1973:

This action in equity was instituted by appellee as widow of Victor Chudnoff, deceased, and as executrix

of his estate. The action sought to restrain Vitaloy Processing & Products, Inc., the beneficiary of two insurance policies on the life of Victor Chudnoff, from making claim for the proceeds, and to direct payment to appellee of the proceeds of the policies, less the cash surrender value of said policies, to which another appellant, Ipco Hospital Supply Corporation, is legally entitled.

On May 22, 1956, the shareholders of Vitaloy had entered into an agreement for the purchase of life insurance policies in the sum of $20,000 each on the lives of its shareholders in order to create a fund which would enable the corporation to purchase the interest of a deceased shareholder and which provided that in the event the corporation was terminated, each stockholder could purchase the policy on his own life.[1] Subsequently, additional policies on the lives of the shareholders were purchased in the sum of $10,000 each.

On February 17, 1971, Ipco entered into a written agreement to purchase all the stock of Vitaloy from its two shareholders, Victor Chudnoff and one Louis Persichetti. The cash surrender value of the policies was included in the list of assets of Vitaloy which were acquired by this purchase, and which were listed in a balance sheet dated November 30, 1970. In paragraphs 3.6 and 3.19 of the agreement, the sellers warranted that the balance sheet was correct as a fair representation of the financial condition of Vitaloy, its net worth and net income.

Under a supplemental letter agreement dated the same day as the contract and identified as "part and parcel" of that agreement, the selling shareholders were given the right to purchase the policies on their lives

[1] The shareholders also entered into a subsequent agreement on November 29, 1967, but it left intact the purchase provisions of the 1956 agreement.

by paying Ipco the cash value of these policies. In that same letter, Chudnoff was given the right to receive an employment contract if he could, before April 1, 1971, satisfy a doctor of Ipco's choice that he was physically able.

Victor Chudnoff died on March 2, 1971. Counsel for Ipco and Vitaloy claimed the full face value of the policies from the insurance company on the basis of Vitaloy's legal status as beneficiary. It was then that Mrs. Chudnoff, Victor Chudnoff's widow, brought her action in equity. After appellants filed preliminary objections which were denied, each of the appellants filed a separate answer and new matter, both of which answers took the position that the separate letter agreement giving Victor Chudnoff the right to purchase the life insurance was an option which terminated at his death. Ipco also filed a counterclaim alleging that if appellee were correct that she was entitled to purchase the policies, her claim would constitute a breach of the warranties made by the selling shareholders to Ipco concerning the financial status of Vitaloy at the time it was purchased.

Appellee subsequently filed a motion for judgment on the pleadings, pursuant to Pa. R. C. P. 1034(b), on the ground that the pleadings and exhibits, which included all of the aforementioned agreements, established, on their face, that she was entitled to judgment and that the counterclaim set forth by appellant Ipco Hospital Supply Corporation had no validity since there was no warranty in the agreement concerning exercise of rights by the plaintiff with respect to the insurance.

Appellants filed an answer to the motion. After oral argument, the court entered a decree on December 1, 1971, granting appellee's motion for judgment on the pleadings, and awarded the cash surrender value

of the policies to Ipco, and to appellee the difference between the face value of the policies and the cash surrender value, to which Ipco was admittedly entitled.

Appellants filed no appeal within the time fixed by law, but, after the time for filing an appeal had expired, petitioned the court, on January 11, 1972, to stay the decree entered on December 1, 1971, on the ground that procedures required by the rules of civil procedure were not complied with, and requested the court to enter a new decree.

On March 15, 1972, the court entered an order affirming its previous decree entered December 1, 1971, and denying the motions filed January 11, 1972.

Thereafter, appellants filed a petition for writ of mandamus and prohibition, addressed to us, pursuant to the Appellate Court Jurisdiction Act of 1970, which petition set forth that the rules of civil procedure governing actions in equity were not complied with and that appropriate judgments had not been entered. The petition requested us to order that a proper adjudication be entered, that appropriate judgments be entered and that the decree of December 1, 1971, be stayed until such final judgments are entered.

The respondent, the court who had issued the December 1, 1971, decree, filed an answer averring that the rules of civil procedure requiring an adjudication in an equity action are not applicable to a decree entered pursuant to Pa. R. C. P. 1034, predicated upon a judgment on the pleadings which is a final judgment and do not require an adjudication and a decree nisi. Paragraph 12 of the answer averred that the decree entered December 1, 1971, was a definitive order which had been entered by the court under the authority of Rule 1034(b), implemented by a decree finally disposing of all the issues presented by the pleadings, as well as the equitable rights of the parties.

On June 6, 1972, we dismissed appellants' petition for a writ of mandamus and prohibition.

Finally, after appellants had presented a praecipe to the Prothonotary of the Court of Common Pleas of Philadelphia, on June 26, 1972, directing him to enter judgments on the December 1, 1971, decree, the appellants filed the instant appeal on June 28, 1972.

The appellee has filed a motion to quash the appeal, and that motion must be granted. The appellants argue that the decree docketed December 1, 1971, in which appellee's motion for judgment on the pleadings was granted and the proceeds of the policy were divided equitably between the parties, was not a final order because it did not refer to the counterclaim. However, the counterclaim was inextricably interwoven with the issues raised by the complaint, since, if the appellee was entitled to purchase the policies for their cash surrender value, as she contended, then her purchase could not, in any way, be considered a breach of warranty of the agreement under which the stock of Vitaloy was sold to Ipco. It is clear that the entry of judgment on the pleadings disposed of the lawsuit in its entirety, including the counterclaim. We will not permit the appellants to rely on the fact that the trial court's decree did not specifically mention the counterclaim, in an effort to excuse their failure to file timely appeals.

Appeals quashed. Costs to be borne by appellants.

Mr. Justice POMEROY dissents.

Mr. Chief Justice JONES took no part in the consideration or decision of this case.