438 A.2d 981

### Chrisie SCOUMIOU

v.

### UNITED STATES STEEL CORPORATION, Appellant.

Superior Court of Pennsylvania.

Argued May 21, 1981.

Filed Dec. 18, 1981.

James T. Carney, Pittsburgh, for appellant.

Dennis R. Joyce, Pittsburgh, for appellee.

Before HESTER, POPOVICH and MONTGOMERY, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Common Pleas Court of Allegheny County dismissing Exceptions and a Petition for Reconsideration. For the following reasons, we quash the appeal.

Shorn of related proceedings not pertinent to our decision, the facts of the case are these:

On January 18, 1977, appellee, Chrisie Scoumiou, filed a praecipe for a Writ of Summons in Trespass and Assumpsit which writ was duly served upon appellant, the United States Steel Corporation, on January 24, 1977. No further action was taken, and the case was automatically dismissed pursuant to a local rule of Court, Rule 229(e) of the Court of Common Pleas of Allegheny County, which commands as follows:

"(e) TERMINATION OF INACTIVE CASES

Any matter pending in the Civil or Family Division in which there has been no activity of record for a period of two (2) years or more shall be terminated automatically by operation of law by reason of inactivity. The first period of two years is to begin on January first, 1973. The matter may be reactivated by the Court upon petition *for good cause* shown after such notice as the Court shall direct. The filing of a paper after automatic termination under this rule shall not reactivate the terminated matter. Adopted June 26, 1974. Eff. Jan. 1, 1975.

Note: This rule is adopted Pursuant to Rule 1901 of the Pennsylvania Rules of Judicial Administration, adopted May 10, 1973." (Emphasis added).

On May 12, 1980, appellee presented a petition to reactivate the case. After a hearing, the court issued an order on May 29, 1980, reactivating the matter and directing appellant to file a complaint within twenty days thereof. (Record, No. 4).

■ On June 6, 1980, appellant separately filed both a petition for reconsideration and exceptions to the order of May 29, 1980. Both the petition and exceptions set forth precisely identical reasons.[1] The matter then went before a court en banc which issued an opinion in support of its order of November 7, 1980, dismissing the exceptions and the petition for reconsideration.[2] (Record, No. 10).

■ Appellant thereupon filed this appeal on December 2, 1980, within thirty days of the dismissal order of November

1. The reasons were set forth in both documents filed by appellant and contained the following language:

"(1) The decision of the trial court is erroneous as a matter of law in that the plaintiff's [appellee's] claim of inability to secure counsel does not excuse her failure to prosecute her action.

(2) The decision of the trial court is erroneous as being against the evidence in that the evidence showed that the plaintiff was aware of the possibility that her failure to prosecute this action would result in its dismissal but she took no effective action." (Records, Nos. 5).

2. We note in passing that in its opinion, the lower court did not reach the merits of appellant's exceptions on the stated theory that an order reactivating a case is interlocutory and not appealable *except*

7, 1980, but more than six months after the order of May 29, 1980 which reactivated the case.

The issue thus arises whether the time for appeal as prescribed by Rule 903 of the Rules of Appellate Procedure begins to run from the entry of the reactivation order of May 29, 1980, or from the order of November 7, 1980, when the lower court dismissed appellant's exceptions and petition for reconsideration.[3]

We conclude that the 30-day appeal period began to run from the entry of the former order and had expired when the appeal to this Court was actually filed.

Pa. R.A.P. 311, the rule governing interlocutory appeals as of right, provides specifically that "[a]n order opening, vacating or striking off a judgment..." may be appealed as of right. Appellant does not argue that the order of May 29, 1980, was anything but an order opening a judgment of *non pros.* See *Kennedy v. Board of Supervisors,* 243 Pa.Super. 46, 364 A.2d 442 (1976). Clearly, then, appellant could have appealed the order of May 29, 1980, *immediately* upon its entry and within thirty days thereafter. The mere filing of a petition after the entry of the order, either in the form of exceptions or a petition for reconsideration in no way extended the running of the appeal period. See Rule 1701 Pa. R.A.P. and the commentary thereto.[4]

This Court has said that:

by permission. As we have pointed out, infra, although the order is indeed interlocutory, it is appealable as of right pursuant to Pa. R.A.P. 311. The court also could have disposed of the petition for reconsideration *on its merits* notwithstanding the fact that thirty days had elapsed from the entry of its order reactivating the case. When an appeal is not taken, the lower court is not divested of jurisdiction. *Scharfman v. Philadelphia Transportation Co.,* 234 Pa. Super. 563, 340 A.2d 539 (1975).

**3.** The pertinent section of Pa. R.A.P. 903 provides:

"(a) **General rule.** Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within *30 days* after the entry of the order from which the appeal is taken." (Emphasis added)

**4.** The relevant portion of Pa. R.A.P. 1701 provides:

"(a) **General rule.** Except as otherwise prescribed by these rules, after an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may no longer proceed further in the matter.

(b) **Authority of lower court or agency after appeal.** After an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the lower court or other government unit may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3) *Grant reconsideration of the order which is the subject of the appeal or petition if:*

(i) *an application for reconsideration of the order is filed in the lower court* or other government unit within the time provided or prescribed by law; *and*

(ii) *an order expressly granting reconsideration of such prior order is filed in the lower court* or other government unit *within the time prescribed by these rules for the filing of a notice of appeal,* petition for allowance of appeal or petition for review of a quasijudicial order with respect to such prior order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

*A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal* or petition for allowance of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order, and the clerk of any court in which such an inoperative notice or petition is filed or docketed shall upon praecipe of any party note on the docket that such notice or petition has been stricken under this rule. *Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal* or petition for allowance of appeal or petition for review *begins to run anew after the entry of the decision on reconsideration,* whether or not that decision amounts to a reaffirmation of the prior determination of the lower court or other government unit...." (Emphasis added).

The commentary also sheds some insight into the issue:

"Subdivision (b)(3) is intended to handle the troublesome question of the *effect of application for reconsideration on the appeal process.* The rule (1) permits the lower court or other government unit *to grant reconsideration if action is taken during the applicable appeal period,* which is not intended to include the appeal period for cross appeals, or, during any shorter applicable reconsideration period under the practice below, and (2) *eliminates the possibility that the power to grant reconsideration could be foreclosed by the taking of a 'snap' appeal. The better procedure under this rule will be for a party seeking reconsideration to file an application for reconsidera-*

" . . . absent a stay or order granting reconsideration issued by the lower court, a *petition for reconsideration does not toll the statutorily mandated appeal time.* To hold otherwise would permit a party to employ dilatory tactics as a strategy."

*Provident National Bank v. Rooklin,* 250 Pa.Super. 194, 201, 378 A.2d 893, 896 (1977). (Emphasis added)

Appellant argues that as of May 29, 1980, the date of the first order, it had three possible courses of action: (1) to file an immediate appeal to this court; (2) to file exceptions to a court en banc; (3) to continue to litigate and raise the issue again on an appeal from a final order. Brief for Appellant, at 6. These may have been options available to appellant; however, appellant attempts to qualify the second option by providing for the right to file an appeal *after* exceptions are dismissed. Obviously, if that were the correct appellate procedure, then every litigant aggrieved by an appealable interlocutory order could *unilaterally* extend the appeal period merely by filing exceptions, and that, of course, would amount to an impermissible assault on orderly appellate procedure. *Provident National Bank v. Rooklin,* supra.

Therefore, the trial court's order dismissing the exceptions is not properly before us, and we do not reach the merits of the case. The appeal is quashed as untimely filed.

*tion below and a notice of appeal, etc.* If the application lacks merit the lower court or other government unit may deny the application by the entry of an order to that effect, or by inaction. *The prior appeal paper will remain in effect, and appeal will have been taken without the necessity to watch the calendar for the running of the appeal period. If the lower court or other government unit fails to enter an order* 'expressly granting reconsideration' *(an order that 'all proceedings shall stay' or an order under Rule 2545 (answer to application) requesting an answer to an application for reargument, will not suffice)* within the time prescribed by these rules for seeking review, Subdivision (a) becomes applicable and the power of the lower court *or other government unit* to act on the application for reconsideration *(including reargument in the Superior Court or Commonwealth Court) is lost."* *(Emphasis added).*