485 A.2d 1208

Jane Louise WADDELL, Appellant,

v.

Richard B. TROSTEL, Donald E. Trostel, Richard Barry Trostel and Mountain View Fruit Farms, Inc.

Superior Court of Pennsylvania.

Argued Aug. 15, 1984.

Filed Dec. 14, 1984.

528

Kenneth L. Rotz, Gettysburg, for appellant.

Henry O. Heiser, III, Gettysburg, for appellee.

Before WICKERSHAM, JOHNSON and HOFFMAN, JJ.

PER CURIAM:

Plaintiff-appellant, Jane Louise Waddell, takes this appeal from the following order of the court of common pleas:

AND NOW, this 29th day of March, 1983, the demurrers are sustained and the complaint is dismissed. Plaintiff may file an amended complaint in assumpsit or an amendment to Count III within twenty (20) days of this date. The actions in equity are dismissed without further leave to amend.

Because we find this to be an interlocutory order, we quash this appeal.

Appellant's complaint filed in the court below contained three counts: (1) a complaint for specific performance, (2) a petition for involuntary dissolution of a corporation, and (3) an action in assumpsit. Defendant-appellees filed demurrers to all counts. As is apparent from a reading of the court's order, quoted above, the court sustained the demurrers as to all counts but allowed appellant leave to amend her count in assumpsit.

We note at the outset that we may address the question of appealability of the trial court's order even though that issue has not been raised by the parties to this action, since it is fundamental that neither silence nor agreement of the parties will confer jurisdiction where it otherwise would not exist. *Pullium v. Laurel School District*, 316 Pa.Super. 339, 462 A.2d 1380 (1983).

It is settled law that an appeal will lie only from a final order unless otherwise permitted by statute; a final order is one which ends the litigation or disposes of the entire case. *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983). Generally, an order which dismisses some but not all counts of a multi-count complaint is interlocutory and not appealable. *Giannini v. Foy*, 279 Pa.Super. 553, 421 A.2d 338 (1980). As our supreme court wrote

in *J.A. & W.A. Hess, Inc. v. Hazle Township*, 465 Pa. 465, 470–471, 350 A.2d 858, 861 (1976):

> Were we to hold that the trial court's ruling rejecting [two of plaintiff's theories of recovery], while also requiring the parties to proceed to trial on a theory of contract arising out of the same transaction, is a final order from which an appeal must be taken, many potential problem areas would arise. If the time for filing an appeal would begin to run against a litigant whenever the trial court refused to consider a suggested legal theory of recovery, a litigant would need to file appeals at various stages of a law suit. *Unless and until the rejection of a particular legal theory, or theories of recovery puts the plaintiff out of court on his cause of action against the ... defendant, no final order has been entered and no appeal may be filed.*

(citations omitted) (emphasis supplied).

In the instant matter, the court allowed appellant leave to amend her complaint with regard to one of her counts. Therefore, appellant was not "out-of-court" on her cause of action.

Accordingly, we quash appellant's appeal with direction to the lower court to allow appellant leave to amend her complaint.