496 A.2d 767

**INDIANA COUNTY HOSPITAL AUTHORITY**

v.

**McCARL'S PLUMBING & HEATING COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued March 13, 1985.

Filed June 28, 1985.

Reargument Denied Aug. 26, 1985.

---

---

David C. Serene, Indiana, for appellant.

John S. Simpson and Thomas S. Barbor, Indiana, for appellee.

Before DEL SOLE, HESTER and FEENEY, JJ.*

---

* Judge John M. Feeney, of the Court of Common Pleas of Allegheny County, Pennsylvania, is sitting by designation.

PER CURIAM:

This is an appeal from an Order of the Court of Common Pleas of Indiana County granting judgment on the pleadings for appellee. Following the denial of timely exceptions, appellant filed this appeal. For the ensuing reasons, we are constrained to quash the appeal.

Appellant, McCarl's Plumbing and Heating Company, entered into a contract with appellee, Indiana County Hospital Authority, to perform heating, ventilating, plumbing, and air conditioning construction work on a new hospital building. Due to delays beyond its control, appellant did not complete the work until 1981, two years past the date indicated in the contracts. McCarl's thereafter instituted a claim for increased costs and damages with the American Arbitration Association. Appellee responded by seeking declaratory relief in the Court of Common Pleas of Indiana County on May 28, 1982. On November 15, 1982, appellant filed a Motion for Judgment on the Pleadings. The court, on May 12, 1983, entered an Order granting judgment on the pleadings in favor of appellee. Appellant filed exceptions to that Order on May 20, 1983, and upon their dismissal, perfected the within appeal on September 23, 1983.

Initially, we note that it is incumbent upon this Court to determine whether an appeal is properly before it. *Huber v. Huber*, 323 Pa.Super. 530, 470 A.2d 1385 (1984). The appealability of an order goes to the jurisdiction of the appellate court and may be raised *sua sponte*. *Murphy v. Brong*, 321 Pa.Super. 340, 468 A.2d 509 (1983).

It is firmly established in this Commonwealth that an appeal properly lies only from a final order unless otherwise permitted by statute. *Waddell v. Trostel*, 336 Pa.Super. 527, 485 A.2d 1208 (1984). A final order has been defined as one which effectively ends litigation or disposes of the entire case. *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983).

The grant of judgment on the pleadings has been held to be a final order. *Chudnoff v. Ipco Hospital Supply*

*Corp.*, 450 Pa. 267, 299 A.2d 626 (1973); *Francis v. John A. Brashear Merged School District*, 435 Pa. 589, 258 A.2d 509 (1969); *Epstein v. Kramer*, 374 Pa. 112, 96 A.2d 912 (1953). Such a judgment is dispositive of all issues raised by the case and is, therefore, an appealable judgment.

Herein, appellant filed exceptions to the order granting judgment on the pleadings to appellee and only after they were dismissed did he pursue this appeal. In *Scoumiou v. United States Steel Corp.*, 293 Pa.Super. 254, 438 A.2d 981 (1981), this Court announced that an appeal from an order denying exceptions to the entry of judgment on the pleadings was deemed untimely when the original order was final and the exceptions were improper. Appellant unfortunately failed to properly preserve his issues by filing an immediate appeal from the Order of May 12, 1983.

Consequently, our application of *Scoumiou* to the instant appeal leads us to quash it as untimely.

Appeal quashed.