530 A.2d 489

**EINHORN YAFFEE PRESCOTT KROUNER, P.C., Appellant,**

v.

**The DRESSLER CORPORATION and Fritz R.S. Dressler, Individual, Appellees.**

Superior Court of Pennsylvania.

Argued April 29, 1987.

Filed Aug. 31, 1987.

Stephen A. Durham, Media, for appellees.

Before OLSZEWSKI, DEL SOLE and BECK, JJ.

OLSZEWSKI, Judge:

Challenged in this appeal is the trial court's denial of appellant's motion requesting reconsideration and modifica-

tion of an order entered January 21, 1985, which struck a foreign judgment appellant had filed in Pennsylvania. Appellant filed the motion for reconsideration nineteen months after the entry of the January 21, 1985, order. For the reasons which follow, we conclude that this appeal must be quashed.

This matter arose when appellant, Einhorn Yaffee Prescott Krouner, P.C., obtained a judgment against appellees, the Dressler Corporation and Fritz R.S. Dressler, individually, in the courts of the state of New York. Subsequently, on July 5, 1983, appellant transferred the New York judgment to Delaware County, Pennsylvania, pursuant to the Uniform Enforcement of Foreign Judgments Act, 42 Pa. C.S. Sec. 4306. Appellant next initiated discovery proceedings in aid of execution on the July 5, 1983, judgment. Following Mr. Dressler's failure to appear for a deposition, appellant filed a petition and rule to show cause why Mr. Dressler should not be held in contempt. Mr. Dressler and the appellee corporation filed an answer in response, along with a petition to open and/or strike the July 5, 1983, judgment. Appellees argued that the judgment should be stricken due to appellant's failure to include a copy of the docket entries required by 42 Pa.C.S. Sec. 4306(b). The trial court, by memorandum opinion and order dated January 21, 1985, held for appellees, concluding that appellants did not comply with the docket entry requirement of 42 Pa.C.S. Sec. 4306(b) and directing that the judgment should therefore be stricken and the contempt petition dismissed. Appellant did not appeal from this order.

Nineteen months later, on August 22, 1986, appellant filed a motion requesting the trial court to reconsider and modify its January 21, 1985, order. On October 3, 1986, the trial court denied appellant's motion as being untimely filed and beyond its jurisdiction, and it is that order from which appellant has appealed.

Appellant argues to this Court that the trial court had jurisdiction to reconsider and modify its January 21, 1985, order to comply with this Court's holding in *Nobel Well*

*Service, Inc. v. Penn Energy*, 348 Pa.Super. 267, 502 A.2d 200 (1985), a decision filed eleven months after that order. The holding in *Nobel Well Service* purportedly supports appellant's contention that the judgment of July 5, 1983, was appropriately entered and should not have been stricken.

We do not reach the merits of appellant's claim, however, because we conclude that we are without jurisdiction to entertain this appeal. Pursuant to Pa.R.A.P. 903(a), a notice of appeal to this Court "shall be filed within 30 days after the entry of the order from which the appeal is taken." Our courts have strictly construed this limitation on the time for filing an appeal, *see Hesson v. Weinrebe*, 288 Pa.Super. 216, 431 A.2d 1015 (1981), and absent fraud or some breakdown in the court's operation, we are without authority to extend it. Pa.R.A.P. 105(b); *Provident National Bank v. Rooklin*, 250 Pa.Super. 194, 378 A.2d 893 (1977).

Instantly, appellant would have us extend the applicable appeal period by its filing of a motion for reconsideration nineteen months after entry of the January 21, 1985, order. Appellant does so by challenging the merits of the January 1985 order through an appeal from the trial court's denial of reconsideration. The January 1985 order, however, which struck the judgment and dismissed appellant's contempt petition, is the order from which appellant should have appealed within thirty days. Significantly, as an order striking off a judgment, the January 1985 order was immediately appealable under Pa.R.A.P. 311, the rule governing interlocutory appeals as of right. More importantly, the mere filing of a motion for reconsideration nineteen months after the entry of the order in no way extended nor reinstated the running of the appeal period.[1]

1. We note that where an interlocutory order is immediately appealable under Pa.R.A.P. 311, a failure to appeal under subdivision (a) of that rule does not constitute a waiver of the objection to the order and the objection may be raised on any subsequent appeal in the matter from a determination on the merits. Pa.R.A.P. 311(d)(1)(i). This provision does not save appellant's appeal, however, because, an

Supporting this conclusion is our decision in *Scoumiou v. United States Steel Corporation*, 293 Pa.Super. 254, 438 A.2d 981 (1981), in which we addressed a situation procedurally similar to the case at bar. In *Scoumiou*, the matter was automatically dismissed pursuant to a local rule of court governing termination of inactive cases. On May 12, 1980, appellee presented a petition to reactivate the case. After a hearing, the court issued an order on May 29, 1980, reactivating the matter and directing appellant to file a complaint. On June 6, 1980, appellant separately filed a petition for reconsideration and exceptions to the order of May 29, 1980. Each set forth identical reasons. A court en banc subsequently issued an order dated November 7, 1980, dismissing the exceptions and the petition for reconsideration. Appellant then filed an appeal on December 2, 1980, within thirty days of the dismissal order of November 7, 1980, but more than six months after the order of May 24, 1980, which reactivated the case.

Although appellant had filed an appeal within thirty days of the order dismissing the exceptions and the petition for reconsideration, we concluded that that order was not properly before us and quashed the appeal as untimely filed. *Scoumiou v. United States Steel Corporation, supra*, 293 Pa.Super. at 259, 438 A.2d at 983. As in the case *sub judice, Scoumiou* involved an appeal interlocutory as of right under Pa.R.A.P. 311. We found that appellant could have appealed the order of May 29, 1980, immediately upon its entry and within thirty days thereafter. Commenting, however, on the appellant's right to file an appeal *after* the exceptions and petition for reconsideration were dismissed, we stated:

> "... absent a stay or order granting reconsideration issued by the lower court, *a petition for reconsideration does not toll the statutorily mandated appeal time.* To hold otherwise would permit a party to employ dilatory tactics as a strategy." *Provident National Bank v.*

appeal from the denial of a motion for reconsideration is not a "subsequent appeal ... from a determination on the merits."

*Rooklin,* 250 Pa.Super. 194, 201, 378 A.2d 893, 896 (1977). (Emphasis added)

*Id.,* 293 Pa.Super. at 259, 438 A.2d at 983. We then observed:

> Obviously, if that were the correct appellate procedure, then every litigant aggrieved by an appealable interlocutory order could *unilaterally* extend the appeal period merely by filing exceptions, and that, of course, would amount to an impermissible assault on orderly appellate procedure. *Provident National Bank v. Rooklin, supra.*

*Id.,* 293 Pa.Super. at 259, 438 A.2d at 983.

For these reasons, appellant's challenge to the merits of the trial court's order of January 21, 1985, is untimely and must therefore be quashed.[2]

Appeal quashed.

---

**2.** The fact that appellant's motion for reconsideration was based upon subsequent case law which may have overruled case law relied upon by the trial court does not alter our decision that this appeal is untimely. In *In re Estate of Merrick,* 432 Pa. 450, 247 A.2d 786 (1968), the United States, fifteen months after entry of a final decree, filed a petition asking the Orphan's Court to reconsider such decree, averring that the case law upon which the decree was based had been overruled. Our Supreme Court held that the trial court's refusal to reconsider the final decree was not reviewable and observed with respect to timeliness that,

> ... even if the Government had requested such reconsideration within the period permitted for filing an appeal from the final decree, *such action would not have had the effect of tolling the appeal statute* where no stay of proceedings has been asked and granted.

*Id,* 432 Pa. at 454, 247 A.2d at 788. (Emphasis added.)