533 A.2d 1068

**DAVIS SUPERMARKETS, INC.**

v.

**UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 23, 951 Penn Avenue, Pittsburgh, Pa 15222 and Its Officers, Representatives, Agents and Employees, Individually and/or Acting in Concert with United Food and Commercial Workers, Local 23, Appellants.**

Superior Court of Pennsylvania.

Argued June 16, 1987.

Filed Nov. 23, 1987.

Joseph M. Maurizi, Pittsburgh, for appellants.

Edward R. Noonan, Pittsburgh, for appellee.

Before ROWLEY, JOHNSON and MONTGOMERY, JJ.

ROWLEY, Judge:

Davis Supermarkets, Inc. ("Davis"), is the owner and operator of a supermarket located in Hempfield Township. The building stands alone and is not part of a plaza or mall. It is separated from the public thorofare by the store's private parking lot.

On May 23, 1986, appellants, employees and discharged former employees of the store, in conjunction with United Food and Commercial Workers, Local 23 ("Union"), began peaceful picketing and distributing handbills at the store, alleging that Davis was engaged in unfair labor practices.

On May 27, 1986, Davis filed a complaint in equity, alleging that the Union had trespassed and continued to trespass on its property, and seeking a preliminary and permanent injunction. That same day the parties agreed that the court should enter an order limiting the number, placement and activities of the pickets until such time as a hearing on Davis' request for a preliminary injunction could be held. Pursuant to the agreement such an order was entered and the court scheduled an evidentiary hearing for May 28, 1986.[1]

On May 28, 1986, following the evidentiary hearing, the trial court granted appellee's request for a preliminary injunction and entered an order further limiting the Union's activities by *inter alia*, prohibiting them from picketing on Davis' property. No appeal was taken from that order. Instead of filing an appeal from the preliminary injunction, the Union filed unfair labor practice charges with the National Labor Relations Board ("NLRB").[2]

The Union next filed preliminary objections to Davis' complaint in the trial court arguing that the trial court lacked subject matter jurisdiction because of the NLRB filing. In a supplement to its preliminary objections, the

1. We note that there are discrepancies among the parties' briefs submitted to this Court and the trial court's Opinion regarding the date on which Davis filed its complaint and the parties entered into the agreement which resulted in the original temporary order. According to appellant, the complaint and original order were filed on May 24, 1986; according to Davis and the trial court, Davis applied for a temporary restraining order on May 23, 1986, and the trial court approved the parties' agreement on May 24, 1986. However, the original record and docket entries, as certified to us by the trial court, show that the filing of the complaint and the original order both occurred on May 27, 1987.

2. Eventually, a complaint was filed by the NLRB charging Davis with violating section 8(a)(1) of the National Labor Relations Act ("NLRA").

Union further argued that the preliminary injunction, as issued by the trial court, unduly restricted its right to picket.

The trial court, in passing on the preliminary objections, ruled that because the Union did not file its charges with the NLRB until after the Court had issued the preliminary injunction, the Union's claim of federal preemption should be presented to the federal court and was not properly raised in the state court. The trial court also determined that the restrictions placed on the Union's picketing in the preliminary injunction were proper. It therefore entered an order dismissing the preliminary objections. This appeal is from that order.

On appeal, the Union presents three issues for our review: 1. whether the trial court failed to comply with the Pennsylvania Anti–Injunction Act; 2. whether the trial court failed to properly accommodate the Union's section 7 rights under the NLRA; and, 3. whether the trial court proceedings are preempted by the proceedings before the NLRB. However, since the order appealed from is a non-appealable interlocutory order, we do not have jurisdiction to entertain the appeal and are required to quash it.

■ We begin by noting that it is our responsibility to determine whether an appeal is properly before us. *Huber v. Huber*, 323 Pa.Super. 530, 470 A.2d 1385 (1984); *Indiana County Hospital Authority v. McCarl's Plumbing & Heating Co.*, 344 Pa.Super. 226, 496 A.2d 767 (1985). "The appealability of an order goes to the jurisdiction of the appellate court and may be raised *sua sponte.*" *Indiana County Hospital*, 344 Pa.Superior Ct. at 228, 496 A.2d at 768 [citing *Murphy v. Brong*, 321 Pa.Super. 340, 468 A.2d 509 (1983) ]. It is well settled that, unless otherwise permitted by statute, an appeal properly lies only from a final order. A final order is one which effectively ends litigation or disposes of the entire case. *Waddell v. Trostel*, 336 Pa.Super. 527, 485 A.2d 1208 (1984).

294

■ The order appealed from, the dismissal of appellant's preliminary objections, neither effectively ends the litigation, nor ends the entire case. Thus, it is not final. While Pa.R.A.P. 311 provides for appeals as a matter of right from certain interlocutory orders, none of those provisions applies to the instant order. Rule 311(a)(4) provides for an appeal from orders which grant, continue, modify, refuse or dissolve injunctions. However, the order in question does none of those things. On the contrary, the order appealed from merely overrules the appellant's preliminary objections challenging the trial court's subject matter jurisdiction. Such an order is not appealable. *Ratz v. Ratz*, 359 Pa.Super. 8, 518 A.2d 317 (1986). Thus we do not have jurisdiction to consider the merits of appellant's appeal in the posture presented here.

Appeal quashed.