556 A.2d 493

Thomas V. Monzo and Anne Marie Monzo, his wife, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued February 10, 1989, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Robert N. Peirce, Jr.,* with him, *Ronald D. Powers, Robert N. Peirce, Jr. & Associates,* for appellants.

*Eugene Grant Berry,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for appellee.

OPINION BY SENIOR JUDGE KALISH, March 23, 1989:

Thomas Monzo and Anne Monzo (appellants) appeal from an order of the Court of Common Pleas of Allegheny County, which granted a motion for judgment on the pleadings in favor of the Commonwealth, Department of Transportation (DOT). We reverse the trial court's order of judgment and remand for trial.

Monzo was driving his car on Thompson Run Road, a state highway in Monroe, Allegheny County. There was a creek bed adjacent to and below the roadway. Although there was a drop of more than four feet from the roadway to the ground below, there was no guard rail in place at the site. A deer darted across the roadway and Monzo, in an attempt to avoid it, plunged into the creek and sustained injuries.

The appellants filed suit against DOT, alleging that DOT was negligent in failing to provide a sufficient berm area and guard rail or to post warning signs indicating the absence of a guard rail. The appellants maintained that DOT was not protected as a Commonwealth agency subject to immunity pursuant to section 8521 of the Judicial Code, 42 Pa. C. S. §8521. Section 8522(b)(4) of the Judicial Code provides an exception to immunity in cases of negligence caused by dangerous conditions of highways under the jurisdiction of the Commonwealth.

DOT denied liability, arguing that section 8522(b)(6) of the Judicial Code was applicable, providing that the Commonwealth is liable for the care, custody, and control of animals in its possession, but is not liable for any injury caused by wild animals such as deer. DOT filed a motion for judgment on the pleadings which was granted by the trial court, on the basis that no material issue of fact was in dispute. Both parties agreed that the original collision was caused by the wild deer; therefore, DOT maintained it could not be liable for injuries caused by a

wild animal pursuant to section 8522(b)(6) of the Judicial Code.

Jurisdiction of the Commonwealth Court to hear appeals from the common pleas court is limited to final orders unless otherwise permitted by statute. Section 762(a) of the Judicial Code, 42 Pa. C. S. §762(a); *Waddell v. Trostel,* 336 Pa. Superior Ct. 527, 485 A.2d 1208 (1984).

A final order has been defined as one which effectively ends litigation or disposes of the entire case. *Praisner v. Stocker,* 313 Pa. Superior Ct. 332, 459 A.2d 1255 (1983). The grant of judgment on the pleadings has been held to be a final order. Such a judgment is dispositive of all issues raised by the case and is therefore applicable. *Indiana County Hospital Authority v. McCarl's Plumbing & Heating Co.,* 344 Pa. Superior Ct. 226, 496 A.2d 767 (1985).

The rules of judgment on the pleadings require that we examine the record in the light most favorable to the non-moving party. For judgment on the pleadings to be properly granted, there can be no fact left for the jury to decide. *Reuben v. O'Brien,* 91 Pa. Commonwealth Ct. 80, 496 A.2d 913 (1985). A review of the record indicates several issues that must be decided.

As an exception to sovereign immunity the Commonwealth is liable for harm caused by wild animals only if they are in the care, custody and control of the Commonwealth. Obviously this animal was not in the care, custody or control of DOT. However, the fact that there may be immunity because of the wild animal situation does not necessarily absolve DOT of liability in the circumstances of this case. The appellants also alleged that DOT was negligent in failing to provide a sufficient berm area and guard rail or to post warnings indicating the

absence of guard rails. This raises some factual and legal questions which may impact on DOT's liability.

Section 404 of what is commonly called the State Highway Act, Act of September 18, 1961, P.L. 1389, *as amended*, 36 P.S. §1758-404 provides that the Department of Highways may enter into an agreement with a township for sharing the costs of maintenance of highways taken over by the Commonwealth. If such an agreement exists it is necessary to know its terms in order to determine the respective obligations. Thus, such issues as the repairs, control of the guard rail, and all other surrounding circumstances such as the drainage system and berm are yet to be determined.

Furthermore, the peculiar way in which an injury may result is not material so long as there was a foreseeable probability of injury to one *within the ambit of danger. Masciangelo v. Dolente*, 222 Pa. Superior Ct. 368, 295 A.2d 98 (1972). In addition, a plaintiff must show that the questions of proximate cause are for the jury. *Coyne v. Pittsburgh Railways Co.*, 393 Pa. 326, 141 A.2d 830 (1958).

DOT's negligence may be the legal cause of the damage though other causes may have joined in producing the final result. It is sufficient if a defendant's negligence was either the sole cause or a substantial factor contributing to the injury. Even though concurrent causes may have contributed to the injury, if a defendant's negligence was a substantial factor in producing the result, the defendant will be liable for the full amount of the damages. *Menarde v. Philadelphia Transportation Co.*, 376 Pa. 497, 103 A.2d 681 (1954).

Proximate cause does not refer to a degree of negligence. It describes a kind of causation, the kind to which legal responsibility attaches. *Cebulskie v. Lehigh Valley Railroad Co.*, 441 Pa. 230, 272 A.2d 171 (1971).

Accordingly, the order of the trial court is reversed, and the case is remanded for proceedings consistent with this opinion.

ORDER

NOW, March 23, 1989, the order of the Court of Common Pleas of Allegheny County, GD87-08072, is reversed, and the case is remanded for further proceedings consistent with this opinion. Jurisdiction is relinquished.