J-A33029-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| JEBEH KAWAH, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PHH MORTGAGE CORPORATION F/K/A | : | |
| CENDANT MORTGAGE CORPORATION | : | |
| D/B/A PHH MORTGAGE SERVICES, | : | |
| FEDERAL NATIONAL MORTGAGE | : | |
| ASSOCIATION D/B/A FANNIE MAE, | : | |
| | : | |
| Appellees | : | No. 1206 EDA 2014 |

Appeal from the Order Entered March 12, 2014
in the Court of Common Pleas of Philadelphia County,
Civil Division, at No(s): 131101923

BEFORE:    LAZARUS, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                   **FILED FEBRUARY 23, 2015**

Jebeh Kawah (Kawah) appeals from the March 12, 2014 order which sustained the preliminary objections of PHH Mortgage Corporation (PHH) and the Federal National Mortgage Association (Defendants, collectively), and dismissed Kawah's complaint without prejudice.  We quash this appeal.

Kawah had obtained a mortgage from PHH in 2005, defaulted on it in 2008, and had a default judgment entered against her in 2010.  The property subject to the mortgage was sold at a sheriff's sale in 2012.  In 2013, Kawah sued Defendants for damages, stating various claims including unfair trade practices and discrimination, and also seeking injunctive relief. Defendants filed preliminary objections to the complaint, which included a

_____
*Retired Senior Judge assigned to the Superior Court.

proposed order which would have dismissed Kawah's complaint with prejudice. On March 12, 2014, the trial court executed Defendants' proposed order sustaining the preliminary objections, but struck the language "with prejudice" from the order. Kawah filed a motion for reconsideration, which the trial court failed to rule upon before Kawah filed a notice of appeal to this Court on April 14, 2014.[1]

We first consider the appealability of the order dismissing Kawah's complaint. "Whether an order is appealable is a jurisdictional question. An appeal lies only from a final order, unless permitted by rule or statute."[2] **Stewart v. Foxworth**, 65 A.3d 468, 471 (Pa. Super. 2013) (citation omitted).

An order dismissing a complaint without prejudice, leaving the plaintiff the opportunity to file an amended complaint, is not a final order. "For finality to occur, the trial court must dismiss with prejudice the complaint in full." **Mier v. Stewart**, 683 A.2d 930, 930 (Pa. Super. 1996). **See also**

---

[1] The certified record reflects that notice of the entry of the order was not given to the parties until March 13, 2014. Thus, this Court does not lack jurisdiction based upon the timeliness of the notice of appeal filed on Monday, April 14, 2014.

[2] In her brief, Kawah cites 42 Pa.C.S. § 742 as the basis for this Court's jurisdiction over the appeal. Kawah's Brief at 3. Section 742 gives this Court "exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas," with exceptions not relevant here. Kawah does not cite any rule or statute that otherwise renders the order appealable.

*Waddell v. Trostel*, 485 A.2d 1208, 1209 (Pa. Super. 1984) (holding order dismissing complaint without prejudice did not put appellant out of court and thus was not final and appealable). The trial court's act of striking through the words "with prejudice" is at least an implicit grant of leave to file an amended complaint, if not an express grant. Accordingly, and because we discern no other reason for the order to be immediately appealable, we lack jurisdiction and must quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/23/2015