J-S74032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF GERALD GUSHNER, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: CYNTHIA YAFFE | : : : : : : : : : | No. 1992 EDA 2019 |

Appeal from the Order Entered June 11, 2019
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  162 DE of 2018

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED FEBRUARY 11, 2020**

Appellant, Cynthia Yaffe ("Cynthia"), appeals from the June 11, 2019, order entered in the Court of Common Pleas of Philadelphia County, Orphans' Court division, sustaining the preliminary objections of Kent A. Gushner ("Kent"), individually, as Executor of the Estate of Gerald Gushner ("the decedent"), and as Trustee of the decedent's Revocable Deed of Trust ("the Trust").  The order dismissed Cynthia's petition for declaratory relief as to the interpretation and applicability of *in terrorem* clauses contained in the

_____

[*] Former Justice specially assigned to the Superior Court.

decedent's Last Will and Testament ("the Will") and the Trust.[1]  After a careful review, we affirm.

The relevant facts and procedural history are as follows: The decedent[2] died testate on December 17, 2016, and he was survived by his three children: Kent, Cynthia, and Lisa Glass ("Lisa").  The Will, which was executed on August 16, 2016, was probated by the Register of Wills of Philadelphia County and Letters Testamentary were granted to Kent as Executor on December 28, 2016. Beneficiaries of the Will consist primarily of the decedent's three children.

The Trust was established by decedent on September 20, 2013, and amended on August 16, 2016.  Kent was appointed Trustee of the Trust. Beneficiaries thereof consist of the decedent's three children and their descendants, as well as the Gerald and Nadine Gushner Foundation.

> Upon the [d]ecedent's death, the residue of the principal [of the Trust] is to be divided into individual trusts for [the decedent's] three children.  The Trust also dictates that [the decedent's] shares of "Boyds Interests" are to be divided in equal shares to his three children following his death with such shares to be held in separate trust as further set forth in [the Trust]. "Boyds Interests, as defined in…the Trust, refers to [the decedent's] interests in Boyds Realty Partnership, L.P., and Gushner Brothers, L.P., and his tenants in common interest in 1823-25 Chestnut Street.

---

[1] The Orphans' Court entered separate, identical orders in the Estate docket (1992 EDA 2019) and the Trust docket (1993 EDA 2019).  Thereafter, Cynthia filed two separate notices of appeal for which we shall file separate decisions.

[2] The decedent was the principal owner of a clothing business, "Boyds," which is located in Philadelphia.  **See** Orphans' Court Opinion, filed 8/23/19, at 2.

> [*I*]*n terrorem* clauses contained in…the Trust and…the Will revoke the interests of any beneficiary who contests or challenges [the decedent's] estate plan. The "estate plan" is defined as: 1) his Trust; 2) his Will; 3) any other trusts [the decedent] created; 4) any other designation of beneficiary [the decedent] may have executed with respect to any pension plan, retirement account, and life insurance policy; and 5) any and all documents and actions relating to his Boyds Interests for a period of three years after his death.

Orphans' Court Opinion, filed 8/23/19, at 3-4 (footnotes omitted).

Thereafter, in December of 2017, Cynthia's husband, Ralph Yaffe ("Ralph"), who was a long-time employee of Boyds, filed a civil action against Kent and Boyds L.P.[3] for wrongful cessation of severance pay after he retired in August of 2017. On February 12, 2018, Cynthia filed a petition for declaratory judgment seeking a ruling that her filing of a civil complaint concerning breach of contract and attempted purchase of her partnership interest in KJR General Partner, Inc. ("KJR")[4] would not violate the *in terrorem* clauses. Eventually, on August 1, 2018, Kent, Cynthia, and Lisa signed stipulations asserting they would not invoke the *in terrorem* clauses against

---

[3] "Boyds L.P., which owns and operates the Boyds Business, is owned by Kent, Jeff, Ralph, and Boyds General Partnership, Inc." Orphans' Court Opinion, filed 8/23/19, at 5 n.15. "Jeff" refers to Jeffrey Glass, who is Lisa's husband.

[4] KJR is a limited partnership which was formed between Kent, Jeff, Lisa, Ralph, and Cynthia. The KJR assets include 50% of the Boyds store, 50% of a parking lot, and 49.5% of another parking lot.

Cynthia if she filed a complaint in the civil court.[5] *See* Orphans' Court Opinion, filed 8/23/19, at 6.

Meanwhile, Lisa's husband, Jeff, who was also a long-time employee of Boyds, filed a civil complaint against Kent and Boyds L.P. for, *inter alia*, wrongful cessation of Jeff's severance pay after he retired from Boyds in August of 2017. On September 28, 2018, Lisa and Jeff named Cynthia and Ralph as indispensable party defendants in their civil suit.[6] On November 19, 2018, Kent, individually, as Executor, and as Trustee, filed petitions for declaratory relief seeking a ruling that Lisa and Jeff's complaint violated the *in terrorem* clauses in the Will and the Trust.[7] *See id.* at 7.

On February 22, 2019, Cynthia filed a second petition for declaratory judgment.[8] Therein, in Count I of the petition, Cynthia sought a ruling that,

---

[5] Cynthia filed said civil complaint, and it was consolidated with her husband, Ralph's, civil complaint; the litigation is pending. *Id.* at 6.

[6] Lisa and Jeff also presented in their complaint a claim pertaining to a "non-binding term sheet." The Orphans' Court noted that Lisa and Jeff did not allege any damages or seek any relief from Cynthia and Ralph in their complaint; but rather, Cynthia and Ralph were named as indispensable parties solely because they are parties to the "non-binding term sheet." *Id.* at 6-7. This litigation is pending.

[7] This litigation is pending.

[8] The petition was filed under the Declaratory Judgment Act, which grants courts the power to "declare rights, status, and other legal relations." 42 Pa.C.S.A. § 7532. The purpose of the Act is to "settle and to afford relief from uncertainty…with respect to rights, status, and other legal relations." 42 Pa.C.S.A. § 7541.

if she initiates and proceeds with a proposed cross-claim under Pa.R.C.P. 1031.1 for indemnification/contribution against Kent and the Boyds entities in the action initiated by Lisa and Jeff (and in which Cynthia was joined as an indispensable party), the *in terrorem* clauses of the Will and the Trust will not be enforceable against her.  In Count II of the petition, Cynthia requested an accounting of Kent's administration of the Estate and the Trust.

On May 3, 2019, Kent filed a petition for preliminary objections to Cynthia's second petition for declaratory judgment.  Therein, he averred Cynthia did not state a claim for which relief could be granted as to Count I related to Cynthia's proposed cross-claim/violation of the *in terrorem* clauses. Thus, he sought preliminary objections in the nature of a d*emurrer*. He presented no averment with regard to Count II related to Cynthia's request for an accounting.

On May 29, 2019, Cynthia filed an answer to Kent's petition for preliminary objections.  Therein, she denied Kent's averments as to Count I. Additionally, she noted Kent's petition for preliminary objections advanced no argument or issue as to Count II related to Cynthia's request for an accounting.

On June 11, 2019, the Orphans' Court filed an order which provided the following in its entirety: "Upon consideration of the Preliminary Objections of Kent A. Gushner to the Petition for Declaratory Judgment, *et al.* of Petitioner Cynthia Yaffe, it is hereby ORDERED and DECREED that the Preliminary

Objections are SUSTAINED and the PETITION is dismissed." Orphans' Court

Order, filed 6/11/19 (bold omitted). On July 11, 2019, Cynthia filed a notice

of appeal to this Court.[9]

The Orphans' Court did not direct Cynthia to file a Pa.R.A.P. 1925(b)

statement, and consequently, no such statement was filed. However, on

August 23, 2019, the Orphans' Court filed an opinion pursuant to Pa.R.A.P.

1925(a). Therein, the Orphans' Court discussed the reasons it sustained

Kent's petition for preliminary objections as to Count I of Cynthia's petition in

which she sought a ruling as to whether the filing of a cross-claim in the

Lisa/Jeff action would violate the *in terrorem* clauses in the Will and the

Trust.[10] The Orphans' Court specifically noted that it was not addressing

Cynthia's request for an accounting since it remained "a separate issue not

---

[9] On July 1, 2019, Cynthia filed a motion for reconsideration; however, on July 23, 2019, the Orphans' Court filed an order indicating it was not going to rule on Cynthia's motion. **See** 42 Pa.C.S.A. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.").

[10] Specifically, in ruling on whether Cynthia's proposed cross-claim would trigger or violate the *in terrorem* clauses, the Orphans' Court concluded Cynthia did not state a claim upon which relief could be granted. In this regard, the Orphans' Court noted that no liability or damages were alleged against Cynthia (or her husband, Ralph) in Lisa/Jeff's civil action, and accordingly, Cynthia had no basis to bring a cross-claim for indemnification or contribution. The Orphans' Court suggested that Cynthia's petition for declaratory judgment as to Count I was a "tactic" designed to waste "precious judicial resources[.]" Orphans' Court Opinion, filed 8/23/19, at 15.

within the purview of th[e] appeal." Orphans' Court Opinion, filed 8/23/19, at 8 n.24.

On appeal, Cynthia sets forth the following issues in her "Statement of the Questions Presented":

1. Did the Orphans' Court err in *sua sponte* dismissing [Cynthia's] Petition seeking an account under 20 Pa.C.S.A. § 3501.1?
2. Did the Orphans' Court err in dismissing [Cynthia's] Petition seeking an account under 20 Pa.C.S.A. § 3501.1 [since she set forth a *prima facie* claim for an account]?

Cynthia's Brief at 4 (proposed answers omitted).

Initially, we note that, in response to Cynthia's issues, Kent claims in his appellee brief that Cynthia has filed an appeal from an interlocutory, non-appealable order. Consequently, he urges this Court to quash Cynthia's appeal on this basis. We agree that we must preliminarily determine whether the Orphans' Court's June 11, 2019, order is appealable. "'[T]he question of appealability implicates the jurisdiction of our court.'" ***Jacksonian v. Temple University Health System Foundation***, 862 A.2d 1275, 1279 (Pa.Super. 2004) (quoting ***In re Estate of Israel***, 645 A.2d 1333, 1336 (Pa.Super. 1994)). As a result, "this Court has the power to inquire at any time, *sua sponte*, whether an order is appealable."[11] ***Id.***

_____

[11] In any event, as indicated, Kent raised an issue regarding the appealable nature of the June 11, 2019, order.

"An appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; or (4) a collateral order." *In re Estate of Cella*, 12 A.3d 374, 377 (Pa.Super. 2010) (citations and quotation omitted).

In the case *sub judice*, we agree with Kent that Cynthia's appeal was not taken from a final order. A final order is one that disposes of all claims and of all parties or is entered as a final order pursuant to Pa.R.A.P. 341(c).[12] *See* Pa.R.A.P. 341. In the case *sub judice*, Cynthia presented two counts in her petition for declaratory judgment: Count I requested that the Orphans' Court interpret and apply the *in terrorem* clauses in the Will and the Trust, while Count II requested that the Orphans' Court direct an accounting of Kent's administration of the Estate and the Trust.

---

[12] Pa.R.A.P. 341(c) provides the following:

> **(c) Determination of finality.-**When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other government unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order.

Pa.R.A.P. 341(c) (emphasis in original). Cynthia did not seek a determination of finality under Pa.R.A.P. 341(c).

As the Orphans' Court indicated in its Rule 1925(a) opinion, inasmuch as Kent did not raise any claim with regard to Count II in his petition for preliminary objections, the June 11, 2019, order did not pertain to Count II of the petition for declaratory judgment. Accordingly, the June 11, 2019, order did not dispose of all claims raised in the petition for declaratory judgment.[13] *See* Pa.R.A.P. 341.

However, this does not end our inquiry as Pa.R.A.P. 342, pertaining to appealable Orphans' Court orders, relevantly provides the following:

> **Rule 342. Appealable Orphans' Court Orders**
>
> **(a)** **General rule.** An appeal may be taken as of right from the following orders of the Orphans' Court Division:
>
>> (1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;
>>
>> (2) An order determining the validity of a will or trust;
>>
>> (3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;
>>
>> (4) An order interpreting, modifying, reforming or terminating a trust;

---

[13] Moreover, we note the June 11, 2019, order does not indicate that the petition for declaratory judgment was dismissed with prejudice. "For finality to occur, the trial court must dismiss with prejudice the complaint in full." *Mier v. Stewart*, 683 A.2d 930, 933 (Pa.Super. 1996). *See also Waddell v. Trostel*, 485 A.2d 1208, 1209 (Pa.Super. 1984) (holding that order dismissing generally serves as an implicit grant of leave for the appellant to amend).

>    (5)    An order determining the status of fiduciaries,
>           beneficiaries, or creditors in an estate, trust, or
>           guardianship;
>
>    (6)    An order determining an interest in real or
>           personal property;
>
>    (7)    An order issued after an inheritance tax appeal
>           has been taken to the Orphans' Court[.]
>
>    (8)    An Order otherwise appealable as provided by
>           Chapter 3 of these rules.
>
>                              ***
>
>    **(c)   Waiver of Objections.**  Failure to appeal an order that is
>           immediately appealable under paragraphs (a)(1)-(7) of this
>           rule shall constitute a waiver of all objections to such order
>           and such objections may not be raised in any subsequent
>           appeal.

Pa.R.A.P. 342(a), (c) (emphasis in original).

In the case *sub judice*, as indicated *supra*, the Orphans' Court's June 11, 2019, order sustained Kent's preliminary objections as to Count I: Cynthia's request that the Orphans' Court interpret and determine the applicability of the *in terrorem* clauses contained in the Will and the Trust. Accordingly, we conclude the June 11, 2019, order was appealable as of right pursuant to Pa.R.A.P. 342(a)(3) and (4).

However, as Cynthia admits in her appellate brief, Cynthia does not challenge the Orphans' Court's sustaining of Kent's preliminary objections as to Count I of her petition related to the applicability of the *in terrorem* clauses. Rather, Cynthia suggests the Orphans' Court's June 11, 2019, order explicitly or implicitly denied Count II of her petition in which she sought an accounting of Kent's administration of the Estate and the Trust.

As the Orphans' Court explicitly stated in its Rule 1925(a) opinion, the court has made no ruling as to Cynthia's request for an accounting, and therefore, the issue is not "within the purview of th[is] appeal." Orphans' Court Opinion, filed 8/23/19, at 8 n. 24. Thus, Cynthia's appellate issues in which she contends the Orphans' Court erred in denying her request for an accounting have no basis in fact. Moreover, we conclude it would be premature for this Court to determine whether the Orphans' Court should direct such an accounting of the Estate and/or the Trust.[14]

For all of the foregoing reasons, we affirm the Orphans' Court's June 11, 2019, order.

Application for Relief to Supplement Reproduced Record Granted; Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/20

---

[14] On December 23, 2019, Cynthia filed an application to supplement the reproduced record to include a response to preliminary objections. We grant the request.