## Commonwealth ex rel. Levinson *v.* Levinson, Appellant.

Argued June 20, 1960. Before RHODES, P. J., GUN-THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-GOMERY, JJ.

*Morris Wolf*, with him *Louis M. Cohen*, and *Wolf, Block, Schorr and Solis-Cohen*, for appellant.

*Kenneth Syken*, with him *B. Nathaniel Richter*, and *Richter, Lord and Levy*, for appellee.

OPINION BY GUNTHER, J., November 16, 1960:

This appeal was filed purportedly to obtain *in limine* a review of a jurisdictional question under the

provisions of the Act of March 5, 1925, P. L. 23, 12 P.S. section 672 et seq. Subsequent to the filing of the appeal, a motion to quash and an answer thereto were filed. We shall dispose of this motion.

The proceedings in the court below arose from a dispute between the parties over custody of their minor daughter. In February, 1957, during the pendency of a divorce action instituted by Arthur Levinson, appellant, a stipulation was entered into between him and his wife, Ruth Levinson, appellee, with respect to the custody of their child. This stipulation was approved by the court below on February 6, 1957, and by its terms appellant had custody of the child for nine months and appellee three months of each year. This divided custody did not work out, and appellant filed a petition against appellee for attachment for contempt, alleging violation of the court-approved stipulation by abducting the child from appellant's home in Massachusetts during the time the child resided with appellant. An answer was filed to this petition and the court took testimony to resolve this issue. During the course of hearings on this petition, appellee filed a petition for writ of habeas corpus to obtain custody of the child. An answer was filed to this petition in which the material allegations were denied. The court took testimony on this issue, also, and while objection was registered to the court's proceeding with a custody hearing, no petition was filed to raise properly the question of jurisdiction.

On July 25, 1959, Judge HERBERT E. MILLEN, who heard these proceedings, died without adjudicating these matters. On October 1, 1959, appellant filed a petition for leave to withdraw the petition for attachment for contempt and for dismissal of the petition for custody. In this petition, the question of jurisdiction over custody was raised formally for the first time. A

rule to show cause was entered and on October 14, 1959, an answer was filed by appellee. On November 13, 1959, President Judge BONNELLY ordered that "the entire record should be referred to one of our colleagues to carefully study the same, take additional testimony if required, and file his adjudication as the facts and the law dictate." Pursuant to this order, Judge EMANUEL W. BELOFF filed an opinion in which the petition for leave to withdraw the petition for attachment for contempt and to dismiss the petition for habeas corpus for custody was dismissed, holding that the court below had jurisdiction over the subject-matter of custody.

The refusal of a court to vacate proceedings for want of jurisdiction is an interlocutory judgment, and no appeal lies from such adjudication unless expressly conferred by statute. The Act of March 5, 1925, P. L. 23, 12 P.S. section 672 et seq., is designed to secure a final determination of jurisdictional matters *in limine,* before inquiry into the merits of the case. It is not designed to cover generally all judgments on questions of jurisdiction but must be confined to such as are provided for it, i.e., those entered in preliminary proceedings. *Wilson v. Garland,* 287 Pa. 291, 135 A. 131. While conceding that the question of jurisdiction over the subject-matter may be raised at any time, the disposition of such issue is not properly before us at this time. The petition for custody was filed by appellee on November 28, 1958. No preliminary motion was filed to this petition to question the jurisdiction of the court below, but, on the contrary, an answer was filed. Section 2 of the Act of 1925, supra, specifically provides that "All such preliminary questions shall be raised by petition setting forth the facts relied upon, whereupon a rule to show cause shall be granted, and such preliminary question disposed of by the court.

438

Such procedure shall be deemed de bene esse only and shall not operate as a general appearance." Notwithstanding the lack of an order prior to the adjudication appealed from, having filed an answer to the merits of the petition for custody and having actively participated in the taking of testimony on this issue, the subsequent petition raising a question of jurisdiction came too late to justify an appeal under the Act of 1925, supra. The failure of the court below to preliminarily adjudicate any attack on jurisdiction was caused by the failure of appellant to follow the plain provision of the Act of 1925.

Appeal dismissed.