518 A.2d 317

**George W. RATZ, Jr.**

v.

**Nancy L. RATZ, Appellant.**

Superior Court of Pennsylvania.

Argued June 25, 1986.

Filed Dec. 5, 1986.

Karen L. Semmelman, York, for appellant.

Rebecca N. Tortorici, York, for appellee.

Before WIEAND, BECK and WATKINS, JJ.

BECK, Judge:

This appeal concerns the appealability of an order sustaining subject matter jurisdiction of a Pennsylvania court in a dispute under the Uniform Child Custody Jurisdiction Act, 42 Pa.Cons.Stat. §§ 5341–5366 (1981).

The parties were divorced in 1983. They agreed that appellant mother would have primary custody of their daughter Kristen, and the appellee father would have liberal partial custody. In August 1984, mother moved with Kristen to Ohio to pursue a master's degree in theology. Father had partial custody in Pennsylvania during Kristen's school vacations and in Ohio when he was there on business.

On June 19, 1985, the father petitioned for custody of Kristen in Pennsylvania. The mother entered a special appearance and moved to dismiss for lack of subject matter

jurisdiction. The trial court denied the mother's motion after a hearing. She appeals.

She argues that the court's order is either a final order, Pa.R.App.P. 341, or in the alternative it is an interlocutory order appealable as of right, Pa.R.App.P. 311(b). We conclude her appeal is neither a final order nor an interlocutory order appealable as of right. We therefore quash.

■ Mother incorrectly argues that the order denying her motion to dismiss for lack of subject matter jurisdiction is final, Pa.R.App.P. 341.

> "An order is final when the practical effect of the order is to put the appellant out of court, *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975), or otherwise terminate the litigation by precluding a party from presenting the merits of a claim or defense to the trial court. *Gordon v. Gordon*, 293 Pa.Super. 491, 439 A.2d 683 (1981) [*aff'd* 498 Pa. 570, 449 A.2d 1378 (1982) ]."

*Temtex Products, Inc. v. Kramer*, 330 Pa.Super. 183, 189, 479 A.2d 500, 503 (1984). In the instant case the court's order sustaining jurisdiction does not put the mother out of court, and is, therefore not final.

■ The fact that the order is not final does not end our inquiry. Certain interlocutory orders are appealable as of right. We next examine whether the interlocutory order in the instant case is appealable as of right. Rule 311(b), Pa.R.App.P. provides:

> (b) Order sustaining venue or personal or in rem jurisdiction. An appeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property if:
>
>> (1) the plaintiff, petitioner or other party benefiting from the order files or record within ten days after the entry of the order an election that the order shall be deemed final; or
>>
>> (2) the court states in the order that a substantial issue of jurisdiction is presented.

This rule makes interlocutory orders sustaining venue and sustaining personal and in rem jurisdiction appealable as of right. The rule, however, is not applicable to sustaining subject matter jurisdiction. We, therefore, hold that a party challenging an order sustaining subject matter jurisdiction may not appeal the interlocutory order as a matter of right.

Formerly, challenges to all jurisdictional questions were appealable as of right. Act of March 5, 1925, Pa.Stat.Ann. tit. 12, § 672 (repealed 1980). The law was "designed to secure a final determination of jurisdictional matters *in limine,* before inquiry into the merits of the case." *Commonwealth ex rel. Levinson v. Levinson,* 193 Pa.Super. 434, 437, 165 A.2d 429, 430 (1960).

The statute permitting appeals on all interlocutory orders sustaining jurisdiction has been replaced by Pa.R.App.P. 311(b), which is considerably narrower than its predecessor statute. *City of Philadelphia v. Franklin Smelting and Refining Co.,* 303 Pa.Super. 393, 449 A.2d 745 (1982). Prior to promulgation of the Pa.R.App.P. 311(b) the Pennsylvania Bulletin noted the intention of the drafters of the rule to narrow its scope.

> The [previous] statutory scheme was developed between 1842 and 1925, at a time when the General Assembly was attempting to define broad classes of appealable orders. The introduction of [Rule 312 and] the petition for permission to appeal procedures of Chapter 13 of the Appellate Rules, which now permit the trial court (subject to the supervision of the appellate court) to select on a case-by-case basis the issues which are ripe for interlocutory review, obviously requires a thoroughgoing reexamination of the need to continue the existing broad rights to appeal from specified classes of orders.

8 Pa.Bull. 3636 (December 23, 1978)

More directly the Advisory Committee on Appellate Court Rules comments that orders sustaining subject matter are not appealable as of right:

"[o]ther orders relating to subject matter jurisdiction ... will be appealable under Rule 341 if jurisdiction is not sustained, and otherwise will be subject to Rule 312."[1]

Pa.R.App.P. 311 note (1978).

Although this explanatory note has not been officially adopted or promulgated by the Supreme Court, it was prepared by the Rules Committee and is persuasive.

The mother, therefore, can not support her claim that the order sustaining jurisdiction is appealable as of right, Pa.R. App.P. 311(b). Mother advises the court that under *Temtex Products, Inc. v. Kramer,* 330 Pa.Super. 183, 479 A.2d 500 (1984) she was not required to follow the procedural mandates of Pa.R.App.P. 311(b). Since we find that Rule 311(b) does not apply to the order from which she appealed, it is not relevant whether she did or did not follow the procedures of the rule.

The appeal is quashed.

---

**1.** Pa.R.App.P. 312 pertains to interlocutory appeals by permission.