v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 18, 1996.

Decided May 21, 1996.

---

Deborah L. Barr, for Petitioners.

Cynthia A. Fillman, Assistant Counsel, for Respondent.

Before McGINLEY and FRIEDMAN, JJ., and KELTON, Senior Judge.

FRIEDMAN, Judge.

H.R. and R.R. (collectively, Petitioners) appeal from a "Pre–Hearing Opinion on Interlocutory Matter," in which an attorney examiner (examiner) of the Department of Public Welfare (DPW), Office of Hearings and Appeals (OHA), held that: (1) the Susquehanna County Services for Children and Youth (SCSCY) and OHA have subject matter jurisdiction over Petitioners' expungement proceeding; and (2) OHA should not decline jurisdiction based on the doctrine of *forum non conveniens.*

H.R. is the biological mother of two children, M.W., born November 11, 1987, and T.W., born November 6, 1985. R.R. is H.R.'s husband and the stepfather of M.W. and T.W. (Examiner's op. at 1.) H.R. lived in Pennsylvania until the summer of 1992, when she moved with her husband and children to Fayetteville, North Carolina. In June of 1993, H.R. moved the family once again, this time to Georgia. (Examiner's op. at 1.) During the move from Fayetteville to Georgia, Petitioners brought the children to Pennsylvania to stay with H.R.'s relatives for two weeks.

On or about June 20, 1993, while M.W. and T.W. were staying with H.R.'s sister, E.F., T.W. was involved in an incident of "sexual acting out" with M.W. (Examiner's op. at 1.) After being notified of the incident, SCSCY took M.W. and T.W. into protective custody on June 23, 1993. (Examiner's op. at 1.)

On June 24, 1993, the Susquehanna County Court of Common Pleas (trial court) held a detention hearing, ordering that M.W. be placed in the custody of H.R.'s sister, E.F., and that T.W. be placed in the custody of R.R.'s mother, G.R. Both custodians were residents of Pennsylvania. (Examiner's op. at 2.)

On July 2, 1993, the trial court conducted a dependency hearing. At the conclusion of the hearing on September 16, 1993, the trial court adjudicated M.W. and T.W. dependent and continued their same placement with E.F. and G.R. At that time, Petitioners left Pennsylvania. (Examiner's op. at 2.) On October 6, 1993, however, Petitioners received notices that Pennsylvania had issued indicated reports of child abuse against them, which were called in on July 2, 1993.[1] (Examiner's op. at 2.)

The trial court again conducted dependency review hearings in January and March of 1994, this time ruling that M.W. and T.W. were never bona fide residents of Pennsylvania and that, therefore, the trial court had no jurisdiction over the case. (Examiner's op. at 2.) On this basis, the trial court ordered the immediate return of M.W. to H.R.'s custody. The trial court also ordered the return of T.W. to H.R.'s custody as soon as the Georgia child welfare authorities would accept supervision. (Examiner's op. at 2.)

Subsequently, Petitioners requested that the reports of indicated child abuse be expunged. Upon denial of their request, Petitioners filed a petition seeking a hearing before OHA to appeal the denial of expungement. While the appeal was still pending, all parties, stipulating that the alleged abusive acts took place, if at all, in North Carolina, filed pre-hearing briefs with OHA raising two preliminary issues: (1) whether OHA and/or SCSCY had subject matter jurisdiction (a) to file the indicated reports of abuse and (b) to hear and proceed with the expungement appeals; and, if so, (2) whether OHA should decline that jurisdiction on the basis of *forum non conveniens.*[2]

---

1. Indicated report CL # 58–01217 (docket number 21–94–019) was filed against R.R. for physical abuse of T.W. between July 1992 and July 1993. Indicated report CL # 58–01252 (docket number 21–94–018) was filed against R.R. for physical abuse of M.W. between January 1993 and June 1993. Finally, indicated report CL # 58–01216 (docket number 21–94–015) was filed against H.R. for neglect, i.e., malnourishment and failure to thrive, of M.W. between July 1992 and July 1993. (Examiner's op. at 2.)

2. Although the record and the briefs are sketchy on the factual history of this case, it appears that, after filing a request for expungement in Pennsylvania, Petitioners then filed a pre-hearing brief objecting to a Pennsylvania forum and to DPW's exercise of subject matter jurisdiction over this matter. While an argument objecting to a forum and jurisdiction in which Petitioners themselves chose to file an action might appear incongruous, Petitioners are essentially arguing that OHA and SCSCY had no authority to investigate and

In his "Pre-hearing Opinion on Interlocutory Matter," the examiner held that, "[b]ecause child abuse is the subject matter of the case at bar, and because the [SCSCY] and the OHA are the agent and section of [DPW] specifically in charge of child abuse investigations and appeals, the [SCSCY] and the OHA have subject matter jurisdiction over this case."[3] (Examiner's op. at 3.) The examiner also held that, because OHA is the sole forum in which to appeal child abuse expungement actions, this matter could not be transferred to any other tribunal under the doctrine of *forum non conveniens.* (Examiner's op. at 5.) Accordingly, the examiner overruled Petitioners' objections to OHA proceeding to a hearing on their child abuse expungement appeals. It is from this order that Petitioners now appeal.[4]

Initially, both DPW, respondent in this matter, and SCSCY, intervenor in this matter, argue that this court lacks jurisdiction over Petitioners' appeal because the examiner's order is interlocutory and, thus, unappealable. Petitioners, on the other hand, contend that the examiner's order is a collateral order from which an appeal may be taken as of right. We agree with DPW and SCSCY.[5]

■ This court's appellate jurisdiction with respect to government agencies of the Commonwealth is limited to final orders, orders that effectively put a litigant out of court. 42 Pa.C.S. § 763(a); *Robertshaw Controls Co. v. Human Relations Commission,* 67 Pa.Cmwlth. 613, 447 A.2d 1083 (1982). Here, the examiner's order neither puts Petitioners "out of court" nor ends their effort to expunge their indicated reports of child abuse. Rather, by finding both that OHA and SCSCY have subject matter jurisdiction over Petitioners' appeal from the denial of expungement, and that the appeal should not be transferred to another tribunal under the doctrine of *forum non conveniens,* the examiner's dismissal of Petitioners' objections has, in fact, just the opposite effect: it resolves preliminary issues necessary for the commencement of a hearing on Petitioners' child abuse expungement appeals. Accordingly, the examiner's order is interlocutory in nature.

■ Although interlocutory orders, by definition, are not final, an appellate court may, under certain circumstances, entertain an appeal from an interlocutory order taken either as a matter of right, Pa. R.A.P. 311, or by permission, Pa. R.A.P. 312 and 1311. However, the appellate courts have long held that an order sustaining subject matter juris-

---

file the reports of indicated abuse in the first place and that, by improperly doing so, OHA and SCSCY compelled Petitioners to bring their action in Pennsylvania.

3. The examiner noted that there is no language in the statutory text of the Child Protective Services Law, 23 Pa.C.S. §§ 6301–6384, requiring that, in order to invoke OHA or SCSCY's jurisdiction, the alleged abuse must have taken place within Pennsylvania or that the abused child must be a Pennsylvania resident. Rather, the examiner concluded that the statute applies "to all children and alleged abusers of these children so long as the abuse occurred in Pennsylvania, or, as in this case, the reports of abuse were made in Pennsylvania while the children were in Pennsylvania." (Examiner's op. at 3.)

4. Our scope of review in an appeal of an adjudication of DPW is limited to determining whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Burroughs v. Department of Public Welfare,* 146 Pa.Cmwlth. 509, 606 A.2d 606 (1992).

5. Petitioners raise four issues to be addressed by this court on appeal: (1) whether the Commonwealth Court has subject matter jurisdiction over a collateral interlocutory order of an administrative agency; (2) whether DPW has subject matter jurisdiction to conduct a child abuse investigation and issue an indicated report of child abuse where the children, non-residents of Pennsylvania allegedly abused outside the state, were present in Pennsylvania when the reports of abuse were made; (3) whether the doctrine of *forum non conveniens* requires OHA to transfer the matter to another tribunal; and (4) whether OHA's refusal to finance the travel expenses of Petitioners' witnesses violates substantive and procedural due process.

However, because we find that the examiner's order here is interlocutory and otherwise unappealable, the remaining three issues are not ripe for our consideration.

diction [6] or denying a change of venue on the ground of *forum non conveniens* [7] is interlocutory and not immediately appealable. Consequently, the examiner's order here is not an interlocutory order appealable as of right. Moreover, because Petitioners failed, pursuant to Pennsylvania Rule of Appellate Procedure 1311 and section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b), to seek permission to take an interlocutory appeal to this court, the examiner's order is not reviewable as a permissive interlocutory appeal.

Petitioners contend, however, that the examiner's order falls within another exception to the final order rule, the "collateral order doctrine." Although the "collateral order doctrine" exception to the final order rule permits review of an otherwise interlocutory order, *see* Pa. R.A.P. 313(a), we disagree with Petitioners' contention that the examiner's order here is a collateral order within the meaning of Pennsylvania Rule of Appellate Procedure 313(b).

■ Under Rule 313(b), an interlocutory order is directly appealable as a collateral order if *all* three of the following requirements are met: (1) the order is separable from, and collateral to, the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that, if review were postponed until final judgment in the case, the claim would be irreparably lost. Pa. R.A.P.

313(b); *see also In re Estate of Israel,* 435 Pa. Superior Ct. 347, 645 A.2d 1333 (1994).

■ Here, Petitioners arguably satisfy the first two elements of the collateral order doctrine. First, because it does not determine or resolve any of the ultimate issues in this case, i.e., whether Petitioners engaged in abusive or neglectful conduct, the examiner's order is separable from, and collateral to, Petitioners' main cause of action. Second, because Petitioners have a strong interest in not being compelled to initiate a suit in an improper forum, they have a right too important to be denied review.

■ However, Petitioners have failed to satisfy the third element of the collateral order doctrine. The United States Supreme Court has described the third requirement of the collateral order doctrine as mandating that the order at issue be "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). An order sustaining subject matter jurisdiction and/or venue, such as the one at issue here, is fully reviewable on appeal from a final judgment; there is nothing to preclude Petitioners, on a *proper* appeal to this court following a final adjudication by DPW, from again arguing that DPW and/or SCSCY lacks subject matter jurisdiction over this matter and that a Pennsylvania forum is improper.[8] Thus, even if review were post-

---

**6.** *See Martino v. Transport Workers' Union,* 505 Pa. 391, 480 A.2d 242 (1984); *Ratz v. Ratz,* 359 Pa. Superior Ct. 8, 518 A.2d 317 (1986).

Nor is such an order appealable as of right because Pennsylvania Rule of Appellate Procedure 311(b), which allows appeals from orders sustaining jurisdiction, applies only to orders addressing personal, not subject matter, jurisdiction. *Martino; Ratz.*

**7.** *See Centerre Bank of Kansas City, N.A. v. Arthur Young & Co.,* 348 Pa. Superior Ct. 365, 502 A.2d 251 (1985).

Pennsylvania Rule of Appellate Procedure 311 allows an appeal as of right only from orders which *do not* sustain venue, i.e., orders which change or transfer venue or decline to proceed on the basis of *forum non conveniens, see* Pa. R.A.P. 311(c), or from orders which sustain venue only if: (1) the plaintiff, petitioner or other party benefitting from the order files of record, within 10 days after entry of the order, an election that the order be deemed final; or (2) the

court states in the order that a substantial issue of venue is presented. *See* Pa. R.A.P. 311(b); *see also Centerre Bank.*

Here, the examiner's order *sustains* venue, thereby rendering 311(c) inapplicable; moreover, neither of the conditions set forth in Rule 311(b) are satisfied.

**8.** Notwithstanding the general rule that issues not raised in the lower tribunal are waived and cannot be raised for the first time on appeal, the question of subject matter jurisdiction or *forum non conveniens* can never be waived; both issues may be raised at any stage in the proceedings by the parties, and may be raised by the court on its own motion. *LeFlar v. Gulf Creek Industrial Park No.2,* 511 Pa. 574, 515 Pa. 875 (1986); *Delaware County v. City of Philadelphia,* 153 Pa. Cmwlth. 167, 620 A.2d 666 (1993); *Alford v. Philadelphia Coca–Cola Bottling Co., Inc.,* 366 Pa. Superior Ct. 510, 531 A.2d 792 (1987). Thus, even if Petitioners had initially failed to contest either subject matter jurisdiction or the

poned until after final judgment in this case, Petitioners' claim raising the jurisdictional and *forum non conveniens* questions would *not* be irreparably lost.

Because Petitioners do not satisfy all three of the requirements of the collateral order doctrine, and because the examiner's order is otherwise interlocutory and unappealable, we quash Petitioners' appeal.

### ORDER

AND NOW, this 21st day of May, 1996, the appeal of H.R. and R.R. from the examiner's "Pre–Hearing Opinion on Interlocutory Matter," dated September 29, 1994, is quashed.

forum, this court would be required to afford

