IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Heywood Becker, : 
          Petitioner : 
           : 
        v. : No. 401 C.D. 2016
           : Submitted: September 30, 2016
Department of Environmental : 
Protection, : 
          Respondent : 

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: December 19, 2016

Heywood Becker, the trustee of Center Bridge Trust (Trust), petitions for review of an order of the Environmental Hearing Board (Board) that denied his request to reopen the record prior to the Board's issuance of a final adjudication in the Department of Environmental Protection's (Department) action against the Trust for violating Pennsylvania environmental laws. The Department requests the Court to quash the appeal for lack of jurisdiction because the order appealed is interlocutory. We agree and quash the petition for review.

The Trust is the former owner of the subject property located at 7072 Upper York Road in Solebury Township, Bucks County, Pennsylvania (Property). In 2013, the Department inspected the Property and found that the Trust had rerouted a stream channel without a permit. It further determined that the Trust caused accelerated erosion and sedimentation on the Property. The Department issued an order to the Trust and Becker directing them to: (1) stabilize disturbed areas on the Property by, *inter alia*, applying seed and mulch at three tons per acre;

(2) implement Best Management Practices relating to control of each disturbance runoff on the Property; (3) submit an application for a permit, including a stream restoration plan, to place the stream into its original location and restore the impacted aquatic habitat; (4) submit an erosion and sedimentation control plan for all work associated with the restoration plan; (5) implement the stream restoration plan; and (6) permanently stabilize the Property. Becker appealed the order, alleging that he was unaware of any stream channel on the Property and that any channel on the Property was merely a "dry swale." Certified Record (C.R.), Item 1, at 2. He further argued that it was the uprooting of trees on the adjacent land that caused the sedimentation. Hearings were held before the Board.

At the hearing, Becker argued that the Department did not have jurisdiction in this matter because the channel on the Property did not fall within the definition of "stream" under the Clean Streams Law.[1] Becker testified that the channel had been "almost always dry," and he "never believed [it] to be a stream." C.R., Item 9, at 488-90. Becker testified that the channel previously had stone walls on both sides, which were washed away by Hurricane Irene in 2011. *Id.* at 465, 491. Fearing that future runoff "would go anywhere seeking its own course," Becker hired an excavation contractor to dig a new channel. *Id.* at 491. The hearings concluded in 2014.

In January 2016, prior to the Board's issuance of a final adjudication on his case, Becker petitioned the Board to reopen the record to introduce new evidence. The petition alleged that the current owner of the Property, Peter Edwardson (Edwardson), had recently informed him that he met with an engineer

---

[1] Act of June 22, 1937, P.L. 1987, *as amended*, 35 P.S. §§691.1-691.1001.

2

working for the Department, who, "upon close inspection of the subject swale," stated to Edwardson that "he could detect no evidence of any man-made changes to the swale" and that "the swale appeared to have stabilized." C.R., Item 10, at 1. Becker requested the Board to allow him to present testimony from the engineer because "if [the testimony] should prove to be the same as his said statements, [it] would moot the charges brought by the [Department] against [Becker] in this matter." *Id.* Becker later identified the engineer as Pravin Patel.

The Department objected, stating that it had interviewed all of its employees who had been at the Property; none of them acknowledged making the alleged statements. The Department further responded that Patel had "never been to the [Property]," "never spoken to [ ] Edwardson," and never opined on any issue related to this case. C.R., Item 17, at 1. The Department submitted a sworn statement executed by Patel, who attested that the facts recited in the Department's response were "true and correct to the best of [his] knowledge." *Id.* at 3.

The Board denied Becker's petition, finding that he had not met the requirements for reopening the record under Section 1021.133 of the Board regulations, 25 Pa. Code §1021.133.[2] C.R., Item 14. Becker filed a motion for

---

[2] Section 1021.133(b) of the Board regulations provides:

> (b) The record may be reopened upon the basis of recently discovered evidence when all of the following circumstances are present:
>> (1) Evidence has been discovered which would conclusively establish a material fact of the case or would contradict a material fact which had been assumed or stipulated by the parties to be true.
>> (2) The evidence is discovered after the close of the record and could not have been discovered earlier with the exercise of due diligence.
>> (3) The evidence is not cumulative.

25 Pa. Code §1021.133(b).

reconsideration, which the Board denied. Becker now petitions for this Court's review.

On appeal, Becker argues that the Board erred in refusing to reopen the record for the purpose of permitting him to present Patel's testimony. The Department responds that this Court lacks jurisdiction over this appeal because the order in question is not a final order. Even assuming this Court had jurisdiction, the Board did not abuse its discretion in denying Becker's petition to reopen the record and his motion for reconsideration.

Initially, we consider whether the order at issue is immediately appealable. Generally, this Court's appellate jurisdiction in Commonwealth agency matters is limited to final orders, which are "orders that effectively put a litigant out of court." *H.R. v. Department of Public Welfare*, 676 A.2d 755, 758 (Pa. Cmwlth. 1996); 42 Pa. C.S. §763(a). Rule 341 of the Pennsylvania Rules of Appellate Procedure further defines a final order as one that disposes of all claims and of all parties, or that is entered as a final order pursuant to Pa. R.A.P. 341(c). Pa. R.A.P. 341(b). Here, the Board denied Becker's request to reopen the record, but it has not yet rendered a final adjudication on the underlying enforcement action by the Department. In other words, the order did not put Becker "out of court." Accordingly, the order is interlocutory in nature.

Although interlocutory orders are not final, an appellate court may, under certain circumstances, entertain an appeal from an interlocutory order taken either as a matter of right, Pa. R.A.P. 313, or by permission, Pa. R.A.P. 312 and 1311.[3] Rule 313(a) of the Pennsylvania Rules of Appellate Procedure provides:

---

[3] Becker requested that the Board certify its two orders, *i.e.*, the order that denied Becker's petition to reopen the record and the order that denied his motion for reconsideration, for **(Footnote continued on the next page . . .)**

"[a]n appeal may be taken as of right from a collateral order of an administrative agency ...." Pa. R.A.P. 313(a). A collateral order is appealable if all three of the following requirements are met: "[(1)] [the order is] separable from and collateral to the main cause of action[,] [(2)] where the right involved is too important to be denied review and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa. R.A.P. 313(b). The requirements for appealing a collateral order must be interpreted narrowly. "Narrow application prevents the collateral order rule from subsuming the fundamental general precept that only final orders are appealable and from causing litigation to be interrupted and delayed by piecemeal review of trial court decisions." *Township of Worcester v. Office of Open Records*, 129 A.3d 44, 55 (Pa. Cmwlth. 2016) (citing *Brophy v. Philadelphia Gas Works & Philadelphia Facilities Management Corp.,* 921 A.2d 80, 87 (Pa. Cmwlth. 2007)).

In determining whether an order is separable from and collateral to the main cause of action, we must decide whether review of the order implicates the merits of the main cause of action. Stated otherwise, we examine "whether the

---

**(continued . . .)**

interlocutory appeals with this Court. The Board denied Becker's request, finding that the criteria set forth for interlocutory appeals by permission were not satisfied. Rule 1311 provides that "[a]n appeal may be taken by permission under 42 Pa. C.S. §702(b) (interlocutory appeals by permission) from any interlocutory order of a lower court or other governmental unit." Pa. R.A.P 1311. Section 702(b) further provides that a government unit, in determining whether an immediate interlocutory appeal is appropriate, must assess (1) whether the order involves a controlling question of law; (2) whether there is substantial ground for difference of opinion over the controlling question of law; and (3) whether an immediate appeal from the interlocutory order may materially advance the ultimate termination of the matter. 42 Pa. C.S. §702(b). The Board found that Becker did not explain how each of the criteria would apply in his case; particularly, he failed to identify the controlling question of law for which he was seeking review. Accordingly, the Board denied Becker's request to certify its two orders for interlocutory appeals by permission. C.R., Item 22, at 7.

5

issues appealed can be addressed without analysis of the underlying claims on the merits." *Id*. When review of the order does not implicate or affect the merits of the underlying claim, it is separable from and collateral to the main cause of action.

As to the second prong, an issue is too important to be denied review "if the interests that would potentially go unprotected without immediate appellate review of that issue are significant relative to the efficiency interests sought to be advanced by the final judgment rule." *Geniviva v. Frisk*, 725 A.2d 1209, 1213 (Pa. 1999). "It is not sufficient that the issue be important to the particular parties. Rather[,] it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Id.* at 1214.

Finally, under the third prong of the collateral order doctrine, an order may be immediately appealed as a final order only if the question presented by the order is such that if review is postponed until final judgment, the claimed right will be irreparably lost. In other words, "the matter must effectively be unreviewable on appeal from final judgment." *Commonwealth v. Wells*, 719 A.2d 729, 730 (Pa. 1998).

We agree with the Department that Becker cannot satisfy the requirements for appealing a collateral order. Here, the Board's order is separable from, and collateral to, the underlying claim, *i.e.*, whether Becker and the Trust have violated the Clean Streams Law or the related regulations. However, Becker's asserted right to reopen the record to introduce new testimony is not a question that is "too important to be denied review." Whether the Board should reopen the record prior to the final adjudication to allow in new evidence is important only to Becker; it is limited to the facts and circumstances of the litigation at hand and does not implicate a right deeply rooted in public policy so as

6

to warrant immediate appellate review. Finally, Becker's proposed request to reopen the record will not be irreparably lost if review of the Board's order is postponed until it renders its final adjudication. If the Board rules in favor of the Department in the underlying enforcement action, Becker can still challenge the Board's denial of his request to reopen the record in an appeal to this Court. Becker argues that the order is immediately appealable because waiting to raise the issue in a later appeal of a decision rendered in the absence of the alleged newly-discovered evidence is a waste of judicial resources. Petitioner's Brief at 11. This argument lacks merit because inconvenience or inefficiency alone does not constitute irreparable loss. *See Morgan Trailer Manufacturing Co. v. Hydraroll, Ltd.*, 804 A.2d 26, 31 (Pa. Super. 2002); *Keefer v. Keefer*, 741 A.2d 808, 813 (Pa. Super. 1999).

In summary, the Board's order denying Becker's petition to reopen the record to introduce new testimony prior to the Board's issuance of a final adjudication is not a final appealable order. Further, Becker has not satisfied the requirements for an appealable collateral order. Lacking jurisdiction, we quash the petition for review.

_____
MARY HANNAH LEAVITT, President Judge

7

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Heywood Becker,              :
         Petitioner      :
                     :
        v.            :   No. 401 C.D. 2016
                     :
Department of Environmental   :
Protection,               :
         Respondent    :

## **O R D E R**

AND NOW, this 19th day of December, 2016, the Petition for Review filed by Petitioner Heywood Becker in the above-captioned matter is hereby QUASHED.

_____
MARY HANNAH LEAVITT, President Judge