# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                          :
                    Petitioner            :
                                          :
          v.                              :  No. 159 C.D. 2020
                                          :  SUBMITTED:  August 7, 2020
State Civil Service Commission,           :
                    Respondent            :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                          FILED:  September 24, 2020

Sean M. Donahue petitions for review, *pro se*, of the January 23, 2020 letter of the State Civil Service Commission (Commission) granting in part and denying in part his April 26, 2019 Amended Request for Subpoena *Duces Tecum* directed to the Governor's Office of Administration (OA).  In his Amended Request for Subpoena, Mr. Donahue sought to obtain various documents relating to his application for a Disability Claims Adjudicator Trainee (DCAT) position with the OA.  The Commission has also filed an Application for Summary Relief with this Court, asking us to dismiss Mr. Donahue's Petition for Review for lack of jurisdiction.  Because we conclude that the Commission's January 23, 2020 letter is not an appealable order under the Pennsylvania Rules of Appellate Procedure, we grant the Commission's Application for Summary Relief and dismiss Mr. Donahue's Petition for Review.

## **Background**

Mr. Donahue presently has an administrative appeal pending before the Commission, which he describes as follows:

10.    The basis of [Mr. Donahue's] [claims] in the underlying appeal [before the Commission] is that [the] OA, the Pennsylvania Dep[a]rtment of Labor and Industry[,] . . . and [the Commission] are gaming the scores

on civil service exams, that the scoring system is "subjective", not objective, "non[-]uniform" and that the scoring system is inaccurate.

11. The new scoring system requires [applicants] to grade themselves. If they end up at the top of the list, then their examination (which isn't really an examination at all)[] is regraded by the agency.

12. If an applicant's score does not put him at the top of the list and he never moves to the top of the list, he isn't regraded.

13. A person who grades himself conservatively could end up with a score in the mid[-]80s and never be regraded.

14. A person who grades himself liberal[l]y and gives himself the highest score possible will end up in the high 90s and possibly be regraded down to the low 90s or high 80s but still get interviewed and hired, without the person who graded himself conservatively ever being looked at.

15. The person who graded himself conservatively and received a score in the mid[-]80s may actually deserve a score in the mid[-]90s but the agency will never discover this fact.

16. Still further, there is so much subjectivity in the new scoring system that the agency can very easily lowball the scores of some candidates and inflate the scores of other candidates.

17. [Mr. Donahue] avers that [the] OA, [the Commission,] and [the Department of Labor and Industry] engaged in that kind of nefarious behavior in the instant case and that they always engage in this kind of behavior as a matter of policy.

Pet. for Review, ¶¶ 10-17. Mr. Donahue claims that "state personnel . . . maliciously low[]balled my [DCAT] score to undermine the 10 points that I legally get for veterans preference." Record (R.) Item No. 4, Attachment D. Mr. Donahue asserts that, in his underlying appeal before the Commission, he "intends to prove that [a]gency personnel intentionally manipulated the scoring system to keep [him] from getting the job." R. Item No. 5 at 14; *see id.* at 18.

2

On April 1, 2019, Mr. Donahue filed with the Commission a Request for Subpoena *Duces Tecum* directed to the OA, seeking copies of various documents in the OA's possession relating to Mr. Donahue's DCAT score and employment application. On April 15, 2019, the OA filed Objections to the Request for Subpoena. On April 26, 2019, Mr. Donahue filed an Amended Request for Subpoena *Duces Tecum*, seeking to obtain the same documents as in his earlier request.

On May 6, 2019, the OA filed with the Commission a Motion to Dismiss Mr. Donahue's appeal, asserting that he "fail[ed] to set forth with specificity the basis underlying his discrimination claim." R. Item No. 9. On January 10, 2020, the Commission denied the Motion to Dismiss, finding that "[Mr. Donahue] has alleged sufficient facts to recognize a claim of discrimination for violation of the civil service rules and discrimination based on non-merit factors." R. Item No. 11.

By letter dated January 23, 2020, the Commission granted in part and denied in part Mr. Donahue's Amended Request for Subpoena *Duces Tecum*. Specifically, the Commission denied Mr. Donahue's request for Items 7, 9, 11, and 12, but directed the OA to produce the remaining 8 items requested by Mr. Donahue.[1] The items for which

---

[1] The Commission denied Mr. Donahue's subpoena request for the following items:

7. Please email me a complete and thorough explanation as to why my [DCAT] score dropped from 103 to 80.

. . . .

9. Please email me complete copies of any emails and memos in which hiring me or not hiring me was discussed.

. . . .

11. Please email me a complete summary of all conversations and discussions that occurred in which hiring me or not hiring me, my score[,] or [my] application to DCAT were discussed.

the Commission granted the subpoena related to the OA's consideration of Mr. Donahue's job application and the scoring of his civil service exam, as well as information regarding other applicants for the DCAT position and the scoring of their civil service exams.

Of relevance to the present appeal, in its January 23, 2020 letter to Mr. Donahue, the Commission stated: "The Commission has denied your request for Item #9 because it is overly broad. . . . [T]he Commission has denied your request for Item #12 because it is irrelevant to the challenge of your score for the DCAT position." Pet. for Review, Ex. A.1. By email dated January 28, 2020, Mr. Donahue requested reconsideration of the Commission's decision, which the Commission denied by letter dated February 3, 2020.

On February 12, 2020, Mr. Donahue filed his Petition for Review with this Court, asserting that the Commission's January 23, 2020 letter is immediately appealable as a collateral order. In his Petition for Review, Mr. Donahue avers that "he needs the information contained in the documents and records that are responsive to items #9 & #12 to prove his case" before the Commission. Pet. for Review, ¶ 18.[2]

---

12. Please identify the names of all individuals who were hired for DCAT, the dates of their hire[,] and the lists from which they were hired. . . .

R. Item No. 2. In his Petition for Review, Mr. Donahue challenges the Commission's denial of Items 9 and 12 only.

[2] On February 21, 2020, after Mr. Donahue filed the present appeal, the Commission denied the OA's Motion to Seal the Record, finding that the OA "failed to assert a countervailing interest to overcome the statutory requirement that civil service hearings be open to the public." R. Item No. 23.

4

On July 9, 2020, the Commission filed an Application for Summary Relief,[3] asserting that this Court lacks jurisdiction over the Petition for Review because the January 23, 2020 letter is not an appealable order.

On March 11, 2020, this Court issued an Order, stating in relevant part:

> Because it appears that the Commission's January 23, 2020 letter is not a final order as defined by Pa.[]R.A.P. 341, and it is not readily apparent whether the letter is a collateral order as defined by Pa.[]R.A.P. 313, the parties shall address the appealability of the Commission's January 23, 2020 letter in their principal briefs on the merits or other appropriate motion.

Cmwlth. Ct. Order, 3/11/20, at 1. In compliance with our Order, both parties have addressed the appealability issue in their briefs filed with this Court.

## Analysis

In his Petition for Review, Mr. Donahue asserts that the Commission abused its discretion by denying his "subpoena request for items #9 & #12 because the requests were not 'overly broad.'" Pet. for Review, ¶ 23. He also avers that "because the information contained in the records and documents that are responsive to items #9 & #12 is directly relative and essential to the case he is trying to prove, the [OA] must be ordered to produce the records and documents responsive to those items." *Id.*

---

[3] This Court may grant an application for summary relief only if the moving party's right to judgment is clear and there are no material issues of fact in dispute. Pa. R.A.P. 1532(b); *Eleven Eleven Pa., LLC v. Com.*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017). When ruling on an application for summary relief, we must view the evidence in the light most favorable to the non-moving party. *Eleven Eleven*, 169 A.3d at 145.

Before we can review the merits of Mr. Donahue's appeal, we must address the appealability of the Commission's January 23, 2020 letter, as it implicates this Court's jurisdiction.[4]

Generally, a litigant may appeal only from a final order. However, Pa. R.A.P. 313(a) permits a litigant to file an appeal as of right from a collateral order of an administrative agency. Pa. R.A.P. 313(b) defines a "collateral order" as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Thus, an order is immediately appealable as a collateral order if: (1) the order is separable from, and collateral to, the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that, if review were postponed until final judgment in the case, the claim would be irreparably lost. *H.R. v. Dep't of Pub. Welfare*, 676 A.2d 755, 759 (Pa. Cmwlth. 1996). These requirements must be construed narrowly, and all three prongs must be satisfied before this Court may conduct appellate review of a collateral order. *Rae*, 977 A.2d at 1126.[5]

With regard to the first prong of the collateral order test, "if the resolution of an issue concerning a challenged [decision] can be achieved independent from an analysis of the merits of the underlying dispute, then the order is separable" from the main cause of action. *MarkWest Liberty Midstream & Res., LLC v. Clean Air Council*, 71 A.3d

---

[4] Whether an order is appealable under the collateral order doctrine is a question of law for which our standard of review is *de novo* and our scope of review is plenary. *Rae v. Pa. Funeral Dirs. Ass'n*, 977 A.2d 1121, 1126 n.8 (Pa. 2009).

[5] Although not argued by Mr. Donahue, we note that the Commission's January 23, 2020 letter could have been characterized as an interlocutory order potentially appealable by permission, rather than a collateral order. *See* 42 Pa. C.S. § 702(b); Pa. R.A.P. 312, 1311. However, Mr. Donahue did not seek relief under 42 Pa. C.S. § 702(b), Pa. R.A.P. 312, or Pa. R.A.P. 1311. For this reason, we limit our discussion to the letter's appealability under the collateral order doctrine.

337, 342 (Pa. Cmwlth. 2013) (*en banc*). Here, in his appeal before the Commission, Mr. Donahue seeks "to prove that the current civil service testing system is 'subjective', 'not uniform' and that the Commonwealth exploited this circumstance to 'low[]ball' his score." Pet. for Review, ¶ 22. In Items 9 and 12 of his subpoena request, Mr. Donahue requested "copies of any emails and memos in which hiring [him] or not hiring [him] was discussed" and "the names of all individuals who were hired for DCAT, the dates of their hire[,] and the lists from which they were hired." R. Item No. 2. In its January 23, 2020 letter, the Commission stated that it denied those requests because Item 9 was "overly broad" and Item 12 was "irrelevant" to Mr. Donahue's challenge to the propriety of his DCAT score. Pet. for Review, Ex. A.1.

In essence, the Commission denied the challenged subpoena requests solely on the basis of breadth and relevance. To determine if that decision was proper, we would not need to examine the *merits* of Mr. Donahue's underlying discrimination claims. In other words, by reviewing the language of the subpoena requests themselves, we would be able to determine if they were sufficiently specific and relevant to warrant production of the items, without actually analyzing whether the OA improperly scored his civil service exam or otherwise discriminated against him. Therefore, we conclude that the Commission's January 23, 2020 letter is separable from and collateral to the main cause of action.

While Mr. Donahue has satisfied the first prong of the collateral order test, we conclude that he fails to satisfy the second and third prongs of the test. With regard to the second prong, a decision involves a right too important to be denied review only if it is "deeply rooted in public policy going beyond the particular litigation at hand." *Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999). "[I]t is not sufficient that the issue be important to the particular parties." *Id.* The claims must be analyzed "in the context

7

of the broad public policy interests that they implicate" and not "with respect to the specific facts of the case." *Id.*

Here, Mr. Donahue does not explain how the Commission's January 23, 2020 letter implicates rights beyond those involved in his particular case. In his Petition for Review, Mr. Donahue contends that he "needs the information contained in the documents and records that are responsive to items #9 & #12 to prove his case." Pet. for Review, ¶ 18. As explained above, the crux of Mr. Donahue's case is the OA's alleged impropriety in scoring his civil service exam.[6] The averments in his Petition for Review relate only to how the Commission's January 23, 2020 letter impacts his ability to succeed in his appeal before the Commission; he identifies no broad public policy interests implicated by the letter.[7] Thus, Mr. Donahue fails to satisfy the second prong of the collateral order test.

Finally, we agree with the Commission that meaningful review of the January 23, 2020 letter will be available to Mr. Donahue after the Commission issues a final decision in the underlying case. By objecting to the denial of his subpoena request for Items 9 and 12 in the proceedings before the Commission, *see* R. Item No. 15, Mr. Donahue has preserved the issue for future appeal to this Court. *Cf. Quinn v. Pa. State Civil Serv. Comm'n*, 703 A.2d 565, 570 (Pa. Cmwlth. 1997) (on appeal from the

---

[6] As noted earlier in this Opinion, the Commission granted the majority of Mr. Donahue's subpoena requests, directing the OA to produce various documentation related to its consideration of Mr. Donahue's job application, the scoring of his civil service exam, and the scoring of other applicants' civil service exams.

[7] In his appellate brief, Mr. Donahue argues, for the first time, that he "could not wait until after the [underlying] case was resolved to pursue the matters being raised herein without bearing the risk of waiver by [the Commission's] imposed 20[-]day time clock on subpoena matters." Donahue Br. at 5-6. In support of this claim, Mr. Donahue contends that the Commission rejected his untimely challenges to its subpoena rulings in three prior cases before the Commission. *Id.* at 10-11. However, we cannot consider matters that are beyond the scope of the present record. *See Umedman v. Unemployment Comp. Bd. of Review*, 52 A.3d 558, 564 (Pa. Cmwlth. 2012).

Commission's final order denying the petitioner's statutory appeal, this Court concluded that the Commission did not abuse its discretion in refusing to issue certain requested subpoenas, because the proposed witnesses' testimonies were irrelevant to the issues raised in the petitioner's appeal alleging discrimination in the scoring of his civil service exam). Therefore, Mr. Donahue fails to satisfy the third prong of the collateral order test.

For these reasons, we conclude that the Commission's January 23, 2020 letter does not meet all three requirements for appellate review of a collateral order under Pa. R.A.P. 313. *See Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003) ("[E]ach prong of the collateral order doctrine must be clearly present before an order may be considered collateral.").[8]

## Conclusion

Accordingly, because we conclude that the Commission's January 23, 2020 letter is not an appealable order under Pa. R.A.P. 313, we grant the Commission's Application for Summary Relief and dismiss Mr. Donahue's Petition for Review.

---

[8] In a separately filed motion, Mr. Donahue asks this Court, in the alternative, to direct the Commission to "reissue" its January 23, 2020 letter partially denying his subpoena request and its February 3, 2020 letter denying reconsideration in the format of "orders." Mr. Donahue claims that such a change in format would render the letters appealable under Pa. R.A.P. 313. We disagree. Reformatting the letters would not automatically render them appealable, as it is the substance of the decision that determines whether it is a collateral order. *See* Pa. R.A.P. 313(b); *Ben v. Schwartz*, 729 A.2d 547, 551-52 (Pa. 1999). Even if the letters were reformatted as "orders," they would still not be appealable at this time for the reasons explained above. Therefore, we deny Mr. Donahue's "Motion to Require [the Commission] to Reissue its Denial in the Format of an Order."

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                          :
                      Petitioner           :
                                           :
        v.                                 :   No. 159 C.D. 2020
                                           :
State Civil Service Commission,            :
                      Respondent           :

**PER CURIAM**

# **O R D E R**

AND NOW, this 24th day of September, 2020, we hereby GRANT the Application for Summary Relief filed by the State Civil Service Commission (Commission), DISMISS the Petition for Review filed by Sean M. Donahue, and DENY Mr. Donahue's Motion to Require the Commission to Reissue its Denial in the Format of an Order.