IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,     :
     Petitioner  :
          :
  v.       : No. 164 C.D. 2020
          : SUBMITTED:  October 2, 2020
State Civil Service Commission :
(Department of Human Services), :
     Respondent :

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
PER CURIAM          FILED:  December 14, 2020

Sean M. Donahue petitions for review, *pro se*, of the January 30, 2020 letter of the State Civil Service Commission (Commission) denying his Request for a Subpoena *Duces Tecum* (Subpoena Request) directed to the Governor's Office of Administration (OA) and the Pennsylvania Department of Human Services (DHS).  The Commission has also filed with this Court an Application for Summary Relief, asking us to dismiss the Petition for Review for lack of jurisdiction.  Because we conclude that the Commission's January 30, 2020 letter is not an appealable order under the Pennsylvania Rules of Appellate Procedure, we grant the Commission's Application for Summary Relief and dismiss Mr. Donahue's Petition for Review.

## **Background**

In November 2019, Mr. Donahue filed an appeal with the Commission (Appeal No. 30412), challenging his ineligibility for, and non-selection for appointment to, a position as a Spanish-speaking income maintenance caseworker with DHS's Luzerne County Assistance Office.[1]  In that appeal, which is still pending before the

---

[1] The job posting to which Mr. Donahue applied stated:  "[DHS] is seeking Spanish-speaking [i]ncome [m]aintenance [c]aseworker candidates for a position in Luzerne County."  Record (R.) Item No. 1.

Commission, Mr. Donahue asserts that DHS discriminated against him based on his national origin and engaged in disparate treatment in its hiring process. R. Item No. 1.[2]

On January 8, 2020, Mr. Donahue submitted a Request for Subpoena *Duces Tecum* to the Commission, seeking information relating to recent applicants for positions with DHS's Luzerne County Assistance Office, as well as information about the individuals who have sought welfare and other forms of assistance from that office. R. Item No. 6. The Commission granted Mr. Donahue's request in part and issued subpoenas to both DHS and the OA on January 15, 2020. *Id.*

On January 26, 2020, Mr. Donahue submitted the instant Subpoena Request to the Commission via email, seeking an "additive subpoena." R. Item No. 7. Mr. Donahue sought to obtain additional documentation from DHS and the OA demonstrating their failure to comply with federal veterans' preference laws in the hiring process. Relying on 38 U.S.C. § 4212,[3] Mr. Donahue avers that because DHS

---

[2] In Appeal No. 30412, Mr. Donahue avers in pertinent part:

[DHS] is discriminating and retaliating against me because it does not like my political and religious beliefs and because I am a White non[-]Spanish[-]speaking individual who is from Hazleton, instead of being a non[-]White Spanish[-]speaking individual from another country.

R. Item No. 1.

[3] This statute provides in relevant part:

Any contract in the amount of $100,000 or more entered into by any department or agency of the United States for the procurement of personal property and nonpersonal services (including construction) for the United States, shall contain a provision requiring that the party contracting with the United States take affirmative action to employ and advance in employment qualified covered veterans. This section applies to any subcontract in the amount of $100,000 or more entered into by a prime contractor in carrying out any such contract.

38 U.S.C. § 4212(a)(1).

"accepts more than $100,000 per year in federal funding, qualified veterans must be considered for all job openings before any non[-]veterans are considered." Pet. for Review, ¶ 12. Mr. Donahue further avers that DHS and the OA "must move all qualified veterans to the top of every state civil service list for jobs at state agencies that accepted more than $100,000 of federal funding for the programs they implement." *Id.*, ¶ 11.

In his Subpoena Request, Mr. Donahue requested the following documents:

[A]ll contracts that the government of Pennsylvania signed with any and all federal government agencies and entities that provided or w[ere] related to the providing of federal funding for any and all programs that are administered by [DHS] in either of the two Luzerne County Assistance [O]ffices or through any other state office or program in Luzerne County. . . .

. . . [A]ll documents that prove how [the OA] adheres to federal constraints on hiring with regard to state offices and programs located in Luzerne County. . . .

. . . [A]ll documents that prove that [the] OA and DHS adhere[] to the above mentioned federal constraints on the instant case.

. . . [A]ll documents that show how [the Commission] ensured that [the] OA and DHS adhere[] to the above mentioned federal constraints on the instant case.

R. Item No. 7.

On January 28, 2020, the OA sent an email to the Commission, objecting to Mr. Donahue's Subpoena Request. R. Item No. 5. The OA stated that it was objecting because "the documents requested by Mr. Donahue lack any colorable relevance to the issues before the Commission" and because "Mr. Donahue fails to articulate the relevancy of the requested documents." *Id.* The OA further noted that the Commission's regulations mandate that a party requesting a subpoena "'specify as

3

clearly as possible the relevance of the testimony or documentary evidence sought.'"
*Id.* (quoting 4 Pa. Code § 105.14a(a)(2)).[4]

By letter dated January 30, 2020, the Commission denied Mr. Donahue's Subpoena Request, finding that it "failed to provide sufficient explanation as to how the documents requested are relevant to the instant appeal." R. Item No. 10.

On February 12, 2020, Mr. Donahue filed his Petition for Review with this Court, asserting that the Commission's January 30, 2020 letter is appealable as a collateral order. Pet. for Review, ¶ 5. As to the merits, Mr. Donahue avers that the documents requested "are directly relevant to the case he is trying to prove" and "essential to proving that the Commonwealth is not obeying proper procedures in state hiring." *Id.*, ¶¶ 3, 16. Mr. Donahue asks this Court to order DHS to produce documents responsive to his Subpoena Request. *Id.*, ¶ 18.

On July 22, 2020, the Commission filed an Application for Summary Relief,[5] asserting that this Court lacks jurisdiction over the Petition for Review because the January 30, 2020 letter is not an appealable order under the Pennsylvania Rules of Appellate Procedure.

On March 12, 2020, this Court issued an Order, stating in relevant part:

> Because it appears that the Commission's January 30, 2020 letter is not a
> final order as defined by Pa.[]R.A.P. 341, and it is not readily apparent

---

[4] This regulation provides that a "[w]ritten application" for a subpoena *shall specify as clearly as possible the relevance* of the testimony or documentary evidence sought." 4 Pa. Code § 105.14a(a)(2) (emphasis added). The regulation further provides that "[a]s to documentary evidence, the request must specify to the extent possible the documents desired and *the facts to be proved thereby*." *Id.* (emphasis added).

[5] This Court may grant an application for summary relief only if the moving party's right to judgment is clear and there are no material issues of fact in dispute. Pa. R.A.P. 1532(b); *Eleven Eleven Pa., LLC v. State Bd. of Cosmetology*, 169 A.3d 141, 145 (Pa. Cmwlth. 2017). When ruling on an application for summary relief, we must view the evidence in the light most favorable to the non-moving party. *Eleven*, 169 A.3d at 145.

4

whether the letter is a collateral order as defined by Pa.[]R.A.P. 313, the parties shall address the appealability of the Commission's January 30, 2020 letter in their principal briefs on the merits or other appropriate motion.

Cmwlth. Ct. Order, 3/12/20, at 1. In compliance with our Order, both parties have addressed the appealability issue in their briefs filed with this Court.

### Analysis

In his Petition for Review, Mr. Donahue asserts that the Commission abused its discretion in denying his Subpoena Request. He asserts that the requested documents "are essential to proving that the Commonwealth is not obeying proper procedures in state hiring." Pet. for Review, ¶ 16. In particular, Mr. Donahue contends that he "needs copies of the [requested] documents . . . so that he can prove that [the] OA is in violation of 38 U.S.C. §[]4212." Donahue Br. at 11.

Before we can review the merits of Mr. Donahue's appeal, however, we must address the appealability of the Commission's January 30, 2020 letter, as it implicates this Court's jurisdiction.[6]

Generally, a litigant may appeal only from a final order. However, Pa. R.A.P. 313(a) permits a litigant to file an appeal as of right from a collateral order of an administrative agency. Pa. R.A.P. 313(b) defines a "collateral order" as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Thus, an order is immediately appealable as a collateral order if: (1) the order is separable from, and collateral to, the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that, if review were

---

[6] Whether an order is appealable under the collateral order doctrine is a question of law for which our standard of review is *de novo* and our scope of review is plenary. *Rae v. Pa. Funeral Dirs. Ass'n*, 977 A.2d 1121, 1126 n.8 (Pa. 2009).

5

postponed until final judgment in the case, the claim would be irreparably lost. *H.R. v. Dep't of Pub. Welfare*, 676 A.2d 755, 759 (Pa. Cmwlth. 1996). These requirements must be construed narrowly, and all three prongs must be satisfied before this Court may conduct appellate review of a collateral order. *Rae*, 977 A.2d at 1126.

With regard to the first prong of the collateral order test, "if the resolution of an issue concerning a challenged [decision] can be achieved independent from an analysis of the merits of the underlying dispute, then the order is separable" from the main cause of action. *MarkWest Liberty Midstream & Res., LLC v. Clean Air Council*, 71 A.3d 337, 342 (Pa. Cmwlth. 2013) (*en banc*). Here, in his appeal before the Commission, Mr. Donahue alleges that DHS "is intentionally adding a Spanish[-]speaking requirement to every outside hiring announcement" and "using the language requirement to keep [him] out." R. Item No 1. In its January 30, 2020 letter, the Commission stated that it denied Mr. Donahue's Subpoena Request because he failed to specify how the requested documents were relevant to the issues before the Commission, *i.e.*, whether DHS discriminated against Mr. Donahue based on his status as a non-Spanish-speaking person. R. Item No. 10; *see* R. Item Nos. 1, 6.

In essence, the Commission denied the Subpoena Request on the basis of relevance. To determine if that decision was proper, we would not need to examine the *merits* of Mr. Donahue's underlying claim. In other words, by reviewing the language of the Subpoena Request itself, we would be able to determine if the requests contained therein are sufficiently specific and relevant to warrant production of the items, without actually analyzing whether the OA improperly discriminated against Mr. Donahue based on his status as a non-Spanish-speaking person. Therefore, we conclude that the Commission's January 30, 2020 letter is separable from and collateral to the main cause of action.

While Mr. Donahue has satisfied the first prong of the collateral order test, we conclude that he fails to satisfy the second and third prongs of the test. With regard to the second prong, a decision involves a right too important to be denied review only if it is "deeply rooted in public policy going beyond the particular litigation at hand." *Geniviva v. Frisk*, 725 A.2d 1209, 1214 (Pa. 1999). "[I]t is not sufficient that the issue be important to the particular parties." *Id.* The claims must be analyzed "in the context of the broad public policy interests that they implicate" and not "with respect to the specific facts of the case." *Id.*

Here, Mr. Donahue fails to explain how the Commission's January 30, 2020 letter denying his Subpoena Request implicates rights beyond those involved in his particular case. In his Petition for Review, Mr. Donahue contends that he needs the requested documents to prove his discrimination case before the Commission. *See* Pet. for Review, ¶¶ 3, 16. The averments in his Petition for Review relate only to how the Commission's January 30, 2020 letter impacts his ability to succeed in his appeal before the Commission; he identifies no broad public policy interests implicated by the letter. *See also* Donahue Answer to Appl. for Summ. Relief, ¶ 3 (averring that the requested documents "are directly relevant to the case [before the Commission] because they contain the information [Mr. Donahue] needs to make his case"). Thus, Mr. Donahue fails to satisfy the second prong of the collateral order test.

Finally, we agree with the Commission that meaningful review of the January 30, 2020 letter will be available to Mr. Donahue *after* the Commission issues a final decision in the underlying case. By objecting to the denial of his Subpoena Request in the proceedings before the Commission, *see* Donahue Br., Bates Stamp 4, Mr. Donahue has preserved the issue for future appeal to this Court. *Cf. Quinn v. Pa. State Civil Serv. Comm'n*, 703 A.2d 565, 570 (Pa. Cmwlth. 1997) (on appeal from the Commission's final order denying the petitioner's statutory appeal, this Court

7

concluded that the Commission did not abuse its discretion in refusing to issue certain requested subpoenas, because the proposed witnesses' testimonies were irrelevant to the issues raised in the petitioner's appeal alleging discrimination in the scoring of his civil service exam). Therefore, Mr. Donahue fails to satisfy the third prong of the collateral order test.

For these reasons, we conclude that the Commission's January 30, 2020 letter does not satisfy all three requirements for appellate review of a collateral order under Pa. R.A.P. 313. *See Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003) ("[E]ach prong of the collateral order doctrine must be clearly present before an order may be considered collateral.").[7]

## Conclusion

Accordingly, because we conclude that the Commission's January 30, 2020 letter is not an appealable order under Pa. R.A.P. 313, we grant the Commission's Application for Summary Relief and dismiss Mr. Donahue's Petition for Review.

---

[7] In a separately filed motion, Mr. Donahue asks this Court, in the alternative, to direct the Commission to "reissue" its January 30, 2020 letter denying his Subpoena Request in the format of an order. Mr. Donahue claims that such a change in format would render the letter appealable under Pa. R.A.P. 313. We disagree. Reformatting the letter would not automatically render it appealable, as it is the substance of the decision that determines whether it is a collateral order. *See* Pa. R.A.P. 313(b); *Ben v. Schwartz*, 729 A.2d 547, 551-52 (Pa. 1999). Even if the letter were reformatted as an order, it would still not be appealable at this time for the reasons explained above.

In that same motion, Mr. Donahue also asks this Court to "remove" Appeal No. 30412 to the Luzerne County Court of Common Pleas, asserting that "neither [the Commission] nor [the OA] has a mechanism in place for enforcing 38 U.S.C. § 4212." Mr. Donahue claims that "he will likely get better treatment in a common pleas court, where he has access to discovery through . . . the [Pennsylvania] Rules of Civil Procedure." Donahue Br. at 21-22. However, as the Commission correctly notes, the Luzerne County Court of Common Pleas does not have jurisdiction to hear Appeal No. 30412, as such jurisdiction lies exclusively with the Commission. *See* 71 Pa. C.S. § 3003(7)(ii).

Therefore, we deny Mr. Donahue's "Motion to Require [the Commission] to Reissue its Denial in the Format of an Order and to Remove the Underlying Proceeding to a Court."

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,      :
      Petitioner  :
            :
   v.        : No. 164 C.D. 2020
            :
State Civil Service Commission :
(Department of Human Services), :
      Respondent :

**PER CURIAM**

# **O R D E R**


AND NOW, this 14th day of December, 2020, we hereby GRANT the Application for Summary Relief filed by the State Civil Service Commission (Commission), DISMISS the Petition for Review filed by Sean M. Donahue, and DENY Mr. Donahue's Motion to Require the Commission to Reissue its Denial in the Format of an Order and to Remove the Underlying Proceeding to a Court.