# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tricia Mezzacappa | : | |
| | : | |
| v. | : | No. 290 C.D. 2017 |
| | : | |
| Borough of West Easton | : | |
| | : | |
| Appeal of: Tricia Mezzacappa | : | |
| | : | |
| Tricia Mezzacappa, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 498 C.D. 2017 |
| | : | Argued: December 4, 2017 |
| Borough of West Easton | : | |

BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE J. WESLEY OLER, JR., Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: January 18, 2018**

Tricia Mezzacappa (Appellant) filed two appeals from the March 2, 2017 Order of the Court of Common Pleas of Northampton County (trial court), which granted the Borough of West Easton's (Borough) Motion to Compel Deposition. The Borough requests that the Court quash the appeals on the basis that the March 2, 2017 Order is an unappealable interlocutory order. After careful review, it appears that the Order is unappealable, and we must quash Appellant's appeals.

These consolidated appeals stem from various requests Appellant made to the Borough in 2011 and 2013 for documents under the Right-to-Know Law[1] (RTKL). In 2011, Appellant requested documents,[2] which the Borough denied for the stated reason that Appellant had not paid $30.25 in fees owed for a previous records request. On appeal, the Office of Open Records (OOR) held that the Borough improperly denied Appellant's request and ordered disclosure. The Borough filed an appeal with the trial court, which denied the appeal. This Court affirmed in a June 12, 2013 opinion and order. *Borough of W. Easton v. Mezzacappa* (Pa. Cmwlth., No. 1527 C.D. 2012, filed June 12, 2013). In 2013, Appellant made five additional requests for various documents,[3] which the Borough denied. On appeal, OOR granted the requests in part and denied the requests in part. Once again, the Borough appealed to the trial court, which denied the appeal, concluding, *inter alia*, that the Borough's financial information, including its bank account and routing numbers, was not exempt from disclosure under Section 708(b) of the RTKL, 65 P.S. § 67.708(b). This Court affirmed in an opinion and order dated June 8, 2015. *Borough of W. Easton v. Mezzacappa* (Pa. Cmwlth., No. 1278 C.D. 2014, filed June 8, 2015).

On April 19, 2016, Appellant filed Petitions for Contempt for Disobedience of a Court Order Requiring the Release of Specified Open Public Records (Contempt Petitions) in both cases. In the Contempt Petitions, Appellant claimed Borough did not comply with the court orders and requested that the trial court hold the Borough

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

[2] Appellant requested copies of Secretary/Treasury reports and Sewer Fund receipts and disbursements from 2005 to 2011, as well as other invoice documents.

[3] Appellant sought, *inter alia*, Borough Council meeting minutes and checklists, documents regarding DUI Impact fee funds, an expenditure History Report, copies of paid and cancelled checks received from a developer, and Borough bank account and routing numbers.

in contempt of court and order it to pay punitive damages in the amount of $25,000 and/or other sanctions or fines, pursuant to the RTKL. The Borough filed Answers and New Matters, seeking dismissal of the Contempt Petitions stating that it had complied with the court orders and there was no indication as to which records were not provided. The trial court issued an order in both cases, wherein the court ordered the parties to engage in discovery. Following a conference with the parties, the trial court set dates for the taking of depositions.

Pertinent to this appeal, at Appellant's deposition on September 27, 2016, Counsel for the Borough asked Appellant questions about her financial status and recent employment history, to which counsel for Appellant objected. Shortly thereafter, the Borough filed its Motion to Compel Deposition in both cases, requesting the trial court to compel Appellant to answer deposition questions regarding her financial matters, including her past employers, income, any debts, type of debts, and when those debts were incurred. (Motion to Compel Deposition, R. Item 47 (2011 Docket No.); R. Item 41 (2013 Docket No.).) The Borough also averred that Appellant's motivation in filing the Contempt Petitions was financial in nature. (*Id.*) Specifically, the Borough asserted that Appellant sought money damages because she was experiencing financial difficulties and that the Borough's questions relating to Appellant's financial and work history are directly related to the defense of the party seeking discovery under Pennsylvania Rule of Civil Procedure 4003.1(a), Pa.R.C.P. No. 4003.1(a),[4] and her motivation for seeking

---

[4] Pennsylvania Rule of Civil Procedure 4003.1(a) provides, as follows:

(a) Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other

3

monetary sanctions. Appellant responded that such information is not relevant to her requests for sanctions, and the Borough's Motion to Compel Deposition was filed in bad faith and implicates her right to privacy.

On November 18, 2016, the trial court ordered Appellant to answer the following written interrogatories: (1) "[l]ist in chronological order the names and addresses . . . of all employers, in the preceding five (5) years, correlating the dates of employment, persons or entities for which [Appellant] received any compensation or value"; (2) "[i]dentify the precise amount of wages, salaries, compensation (monetary or in-kind) paid by each of the employers, persons or entities identified in the preceding paragraph . . . "; and (3) "list all creditors as of June 12, 2013, and thereafter, to date, by name, address . . . and amount of debt." (Trial Ct. Order, Nov. 18, 2016.) The trial court directed Appellant to provide such answers to the court, *in camera*, on December 9, 2016. The trial court advised that it would then determine whether the information provided is within the scope of discovery.

On December 16, 2016, the trial court held a hearing to review Appellant's answers to the Borough's Interrogatories *in camera*. Counsel for Appellant explained that Appellant's documents concerning her employment history were destroyed in a flood and that she could not remember her work history for the past five years without the documents. (Hr'g Tr., Dec. 16, 2016, at 3-6.) The trial court found that Appellant did not fully comply with the November 18, 2016 Order and noted that there was no reason why Appellant could not provide the information. (*Id.* at 10.) On the same day, Appellant filed a Motion to Seal Financial Information

---

party, including the existence, description, nature, content, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Pa.R.C.P. No. 4003.1(a).

4

and Work History (Motion to Seal) and a memorandum in support of the motion, again asserting that such information is not relevant to the contempt proceeding against the Borough. In the alternative, if the trial court found that information was discoverable, Appellant requested that it be sealed and only provided to counsel for the parties in this litigation. At the hearing, Counsel for Appellant explained the Motion to Seal, asserting that one of the Borough Council members has a blog, in which it purports to be an official Borough blog and which includes an allegedly inappropriate and offensive portrayal of Appellant. (*Id.* at 10-12.) The trial court declined to seal the record. (*Id.* at 12.)

On March 2, 2017, the trial court issued the Order that is the subject of this consolidated appeal, determining that upon *in camera* review of Appellant's responses, Appellant only partially complied with the trial court's November 18, 2016 Order. Accordingly, the trial court granted the Borough's Motion to Compel Deposition and further granted the Borough leave to enforce the November 18, 2016 Order. Appellant appealed, arguing that the trial court erred and/or abused its discretion in granting the Motion to Compel Deposition because: (1) Appellant's financial and work history information are irrelevant to the underlying proceedings, which deal with whether the Borough complied with various court orders related to Appellant's requests for records made pursuant to the RTKL; and (2) the discovery of Appellant's financial information violates Pennsylvania Rule of Civil Procedure 4011, Pa.R.C.P. No. 4011,[5] and her right to privacy under the Pennsylvania Constitution.

_____

[5] Pennsylvania Rule of Civil Procedure 4011 provides, in relevant part, as follows:

No discovery, including discovery of electronically stored information, shall be permitted which

5

Before we can address the merits of Appellant's arguments, we first address whether the March 2, 2017 Order, granting the Borough's Motion to Compel Deposition, is appealable. By order dated April 10, 2017, this Court noted the interlocutory nature of the March 2, 2017 Order and directed the parties to address the merits of the appealability of that order in their briefs on the merits. However, Appellant did not address the appealability of the March 2, 2017 Order in her brief, as directed by this Court.

Generally, only a final order of a government unit or trial court may be appealed to an appellate court. Pennsylvania Rule of Appellate Procedure 341(a), Pa.R.A.P. 341(a). Pennsylvania Rule of Appellate Procedure 341(b) defines a "final order" as, *inter alia*, any order that "disposes of all claims and of all parties." Pa.R.A.P. 341(b). "Generally, discovery orders are deemed interlocutory and not immediately appealable because they do not dispose of the litigation." *Pilchesky v. Gatelli*, 12 A.3d 430, 435 (Pa. Super. 2011). The March 2, 2017 Order is not a final order under Rule 341 because it does not dispose of this litigation.

Because it is not a final order, we next examine whether the Order is otherwise appealable. Under Rule 313(a) of the appellate rules, "[a]n appeal may be taken as of right from a collateral order of an administrative agency or lower court." Pennsylvania Rule of Appellate Procedure 313(a), Pa.R.A.P. 313(a). A "collateral

---

(a) is sought in bad faith;

(b) would cause unreasonable annoyance, embarrassment, oppression, burden or expense to the deponent or any person or party;

(c) is beyond the scope of discovery as set forth in Rules 4003.1 through 4003.6[.]

Pa.R.C.P. No. 4011.

6

order" is defined as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). The definition includes three requirements, and "[e]ach prong of the collateral order doctrine must be met before an order may be considered collateral." *MarkWest Liberty Midstream & Res., LLC v. Clean Air Council*, 71 A.3d 337, 342 (Pa. Cmwlth. 2013).

The first prong examines whether the order is separable from the main cause of action. "If the resolution of an issue concerning a challenged trial court order can be achieved independent from an analysis of the merits of the underlying dispute, then the order is separable for purposes of determining whether the order is a collateral order pursuant to Rule 313." *Id.* (citing *Commonwealth v. Dennis*, 859 A.2d 1270, 1277-78 (Pa. 2004)).

Here, the March 2, 2017 Order is separable from the main cause of action because the discoverability of Appellant's financial and work history information may be addressed without analysis of the underlying issue of whether the Borough is subject to sanctions under the RTKL for allegedly failing to comply with court orders in RTKL litigation. *See Office of the Dist. Attorney of Phila. v. Bagwell*, 155 A.3d 1119, 1139 (Pa. Cmwlth. 2017) ("Discovery conducted in a court of law and a request made under the RTKL are wholly separate processes . . . ."). Accordingly, the separability prong of the test is satisfied.

The second prong is whether the right is too important to be denied review. "An issue is important under Rule 313 if the issue implicates rights that are deeply rooted in public policy and impacts individuals other than those involved in the litigation of that case." *MarkWest Liberty*, 71 A.3d at 342. Appellant has made

7

general assertions that the discovery of her financial and work history information violates her constitutional right to privacy and Pennsylvania Rule of Civil Procedure No. 4011, because it would cause her unreasonable annoyance and embarrassment. The Borough, on the other hand, argues that there is no right involved that is too important to be denied review at this stage of the proceedings. Under our precedent, the Borough is correct.

In *Dougherty v. Heller*, 138 A.3d 611, 613, 616, 628 (Pa. 2016), a special complement of the Supreme Court addressed, *inter alia*, the appealability of a common pleas order, which granted the appellee newspaper columnist's motion to compel a videotape deposition of the appellant, a public figure, and denied the appellant's motion for protective relief in the underlying defamation case. On appeal, the Superior Court found, in a divided *en banc* opinion, that the discovery order was an appealable collateral order, focusing on the privacy aspect of the appellant's arguments, but concluded that common pleas did not abuse its discretion in denying protective relief because appellant did not offer more substantial evidence establishing his entitlement to that relief.

The Supreme Court granted discretionary review and rejected the Superior Court's position that "**any** assertion of an attendant privacy concern should transform a discovery order that otherwise is not appealable by right into a collateral order subject to as-of-right interlocutory appellate review." *Id.* at 628 (emphasis in original). It held that "the specific privacy concern in issue must be evaluated and adjudged to satisfy the importance requirement" of the collateral order doctrine. *Id.* In doing so, the Supreme Court stated that the distinction must be made "among different orders of privacy interests, such as those of a constitutional magnitude or recognized as such by statute, as compared with lesser interests." *Id.* at 628-29. The

Supreme Court observed the specific privacy interests recognized by the courts, which include "an individual's 'right to be let alone,' as well as his interest in independence in making certain types of important decisions and in avoiding disclosure of personal information, which could 'impugn his character and subject him to ridicule or persecution.'" *Id.* at 629 (citing *Stenger v. Lehigh Valley Hosp. Ctr.*, 609 A.2d 796, 801 (Pa. 1992)) (other citations omitted) (emphasis omitted). The Supreme Court found that no specific privacy interest recognized by the courts was implicated in the case. *Id.* The Court also observed that, generally, "individuals are compelled every day to submit to depositions, including those taken by video, which are becoming a staple of the modern litigation environment" and, in that context, "judgments concerning the conduct of discovery are left, in the first instance, to the courts of original jurisdiction." *Id.* The Court ultimately held that

> a generalized claim that public disclosure of the videotape of the deposition could infringe upon [a]ppellant's privacy or cause him embarrassment—based largely upon the mere possibility of dissemination of unknown content—is insufficient to raise the type of issue which is 'too important to be denied review' under the collateral order doctrine.

*Id.* at 631.

The issue in this appeal concerns avoiding disclosure of personal information, including financial and work history information, which implicates one of the specific privacy interests observed in *Dougherty*, 138 A.3d at 629 (citing *Stenger*, 609 A.2d at 801). Appellant here has made a claim that the disclosure of her financial and work history information would violate her privacy and cause her annoyance and embarrassment, but she does not explain these concerns in her brief. Based on *Dougherty*, Appellant's generalized claim of a violation of her right to privacy and her right to remain free from annoyance and embarrassment, without

9

more, is therefore "insufficient to raise the type of issue which is 'too important to be denied review' under the collateral order doctrine." *Id.* at 631. Accordingly, the importance prong of the collateral order test has not been satisfied.

Appellant also does not satisfy the third prong of the test – that if review is postponed until after final judgment, her claim will be irreparably lost. Appellant would not be precluded, on appeal to this Court following a decision by the trial court on the merits of the underlying proceedings, from again arguing that the trial court erred in granting the Motion to Compel Deposition. *See generally H.R. v. Dep't of Pub. Welfare*, 676 A.2d 755, 759-60 (Pa. Cmwlth. 1996) (finding that "there [wa]s nothing to preclude the [p]etitioners, on a proper appeal to this court following a final adjudication by [the then-Department of Public Welfare (DPW)], from again arguing that DPW . . . lacks subject matter jurisdiction over th[e] matter and that a Pennsylvania forum is improper" (emphasis omitted)). In this case, a final judgment on the merits by the trial court would render the March 2, 2017 Order a final order by operation of law. Moreover, at that point, this Court would be "more likely to decide a question correctly after judgment, where it may consider the claim in the context of a complete adjudication and a fully developed record." *Rae v. Pa. Funeral Dirs. Ass'n*, 977 A.2d 1121, 1130 (Pa. 2009). Because the March 2, 2017 Order is not a final appealable order or a collateral order under Pennsylvania Rule of Appellate Procedure 313(b), this Court lacks jurisdiction. Accordingly, we quash the appeals.[6]

---

[6] Because we lack jurisdiction to consider the interlocutory discovery order, we do not consider the merits of Appellant's issues on appeal. However, it is troubling to the Court that Appellant must disclose her financial and work history information because it does not appear relevant to the subject matter of the underlying proceedings. The underlying proceedings involve whether the Borough complied with various court orders related to Appellant's requests for records made pursuant to the RTKL, and, if the Borough did not comply, then what sanctions should be



**RENÉE COHN JUBELIRER,** Judge

---

imposed under Section 1305 of the RTKL, 65 P.S. § 67.1305, which provides for monetary sanctions. The purported relevance of such information is particularly troublesome in light of the fact that "[a] requester's motive under the [RTKL] has been made irrelevant by the legislature." *See Bagwell*, 155 A.3d at 1135 n.16.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tricia Mezzacappa               :
                                 :
                v.                  :     No. 290 C.D. 2017
                                   :

Borough of West Easton       :
                                   :

Appeal of:  Tricia Mezzacappa    :
                                   :

Tricia Mezzacappa,           :
                    Appellant      :
                                   :
               v.                  :     No. 498 C.D. 2017
                                   :

Borough of West Easton       :

# **O R D E R**

    **NOW**, January 18, 2018, the appeals of Tricia Mezzacappa from the March 2, 2017 Order of the Court of Common Pleas of Northampton County, entered in the above-captioned matters, are hereby **QUASHED**.

                                       _____
                                       **RENÉE COHN JUBELIRER,** Judge